In the Matter of Sigsbee Holding Corp., Respondent, v. Nathan Leventhal, as Commissioner of the Department of Rent and Housing Maintenance, Appellant.— Judgment, Supreme Court, New York County, entered January 2, 1973, modified, on the law, by reversing so much of said judgment as directs calculation of petitioner's January 1, 1972 Maximum Base Rent on the basis of increases for installation of new equipment applied for in 1971 but ordered by the appellant in 1972, and dismissing the petition to that extent, and otherwise affirmed, without costs and without disbursements. At various dates between April 1 and December 1, 1971 petitioner filed applications for increased rents of several apartments by reason of installation of various items of new equipment. From 6 to 11 months elapsed before the Commissioner issued orders granting increases. In the meantime the Commissioner was required by law to calculate Maximum Base Rents effective January 1, 1972 based on the rents as of December 31, 1971. The rents so calculated are of considerable significance since under the law the landlord becomes entitled to an annual $7\frac{1}{2}\%$ rental increase of the base rent so established compounded annually. The Commissioner refused to include the increased rentals for new equipment and this article 78 proceeding ensued. The court below held the Commissioner's inordinate delay in processing petitioner's applications mandated granting the relief sought. Subdivision j of section Y51–5.0 provides: "No increase or decrease in maximum rental shall be effective prior to the date on which the order therefor is issued". While we do not condone the unseemly delay in processing petitioner's applications, we may not ignore the clear dictate of the law above quoted. (*Matter of Sherman* v. *Gabel*, 22 A D 2d 889; *Matter of Lucot, Inc.* v. *Gabel*, 20 A D 2d 94; *Matter of Epstein* v. *Herman*, 19 A D 2d 74.) The petitioner

must have been aware of the approaching Maximum Base Rent calculation and might have expedited consideration of his application by appropriate legal proceedings (cf. *Matter of Langsam* v. *Gabel,* 40 Misc 2d 903). Concur — Markewich, J. P., Capozzoli and Macken, JJ.; Murphy and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We believe Special Term's determination was correct. The landlord, pursuant to agreements with the respective tenants, installed new equipment in five apartments. These installations were all made in 1971 and applications were filed on different dates in 1971, the earliest being April 21 and the latest December 1. No question was ever raised as to these installations and appropriate orders were issued, from February 28, 1972, to August 1, 1972. However, in calculating the maximum base rent (MBR) for these apartments, respondent refused to include the increases represented by these orders. The reason given was that by statute (New York City Rent and Rehabilitation Law, § Y51–5.0., subd. a par. [3]), respondent is empowered to establish the MBR as of January 1, 1972, and on this date the orders had not been issued. According to this reasoning the right to an increase does not depend on the underlying facts but rather on the date when the agency responds to these facts. Concededly and demonstrably, here the respondent is several months in arrears in processing these applications. As the orders are not retroactive, the net result is that the landlord is not only deprived of a return for the improvement made until the agency acts but when it does act he is further deprived of the percentage increase which should have resulted from the additional rent properly, though belatedly, granted to the apartment. We do not believe that the statute mandates such a result, nor that the landlord should be relegated to a proceeding to mandamus the respondent to perform with reasonable promptness what is here a ministerial act.

(Republished)