■ In the Matter of WILSON KAPLEN, Doing Business as MOUNTAINSIDE APARTMENTS, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, et al., Appellants. STEPHEN M. FROMSON, Intervenor-Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, Office of Rent Administration, dated June 26, 1985, the New York State Division of Housing and Community Renewal, Yvonne Scruggs-Leftwich, and Manuel Mirabel, and

the intervenor Stephen M. Fromson separately appeal, purportedly as of right, from an order of the Supreme Court, Rockland County (Marasco, J.), dated January 14, 1986, which, *inter alia,* remitted the matter to the respondent New York State Division of Housing and Community Renewal, Office of Rent Administration, for further proceedings to determine whether good cause was shown to accept the petitioner's petition for administrative review.

Ordered that on the court's own motion, the notices of appeal are deemed to be applications for leave to appeal *(see,* CPLR 5701 [c]) and that said applications for leave to appeal are referred to Justice Rubin; and it is further,

Ordered that leave to appeal is granted by Justice Rubin; and it is further,

Ordered that the order is reversed, on the law, the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

The appellant Commissioner of the New York State Division of Housing and Community Renewal, Office of Rent Administration, has interpreted the relevant regulations *(see,* 9 NYCRR 2510.2 [b]; 2510.7 [d]) to provide that there is no discretion to excuse the failure of a party who is seeking administrative review of an order issued by a District Rent Administrator to file a petition for administrative review within 33 days of the order sought to be reviewed *(see,* 9 NYCRR 2510.2 [b]). Since this construction of the subject regulations is not irrational, it must be upheld *(see, e.g., Matter of Bernstein v Toia,* 43 NY2d 437, 448, *rearg denied* 43 NY2d 950; *Matter of Howard v Wyman,* 28 NY2d 434, 438, *rearg denied* 29 NY2d 749; *Town of Islip v Williams,* 126 AD2d 276). The court impermissibly substituted its construction of these regulations for that of the appellant Commissioner. Since we uphold the Commissioner's interpretation of the above regulations, and since it appears that the petitioner failed to file its petition for administrative review within 33 days of the issuance of the order of the District Rent Administrator, the order under review should be reversed, and the petition dismissed, on the merits. Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.