■ In the Matter of BLUEBERRY HILL CORP., Appellant. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—In a proceeding to review a determination of the New York State Division of Housing and Community Renewal, dated December 1, 1987, which held that the petitioner landlord's renewal lease offered to the tenant in question should commence on October 1, 1986, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Rosato, J.), dated May 16, 1988, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

The tenant's complaint to the New York State Division of Housing and Community Renewal (hereinafter the DHCR), and the DHCR's request for additional information, provided fair and reasonable notice to the petitioner of the issue that the DHCR would decide and gave the petitioner the opportu-

nity to present the facts and arguments that it thought relevant.

The respondent's regulations provide that "[w]here a landlord fails to offer a renewal lease in accordance with [9 NYCRR 2503.5 (a)] * * * such lease whenever it is offered shall commence * * * on the first rent payment date commencing 90 days after the date that the landlord does offer the lease" (9 NYCRR 2503.5 [b]). It is uncontroverted that the landlord did not offer a lease renewal as required by 9 NYCRR 2503.5 (a), and waited until June 20, 1986 to offer a renewal lease, and that the tenant always paid rent on the first of the month. The DHCR's determination that the lease term commenced on October 1, 1986, rather than September 21, 1986, and that the tenant's rent increase should be calculated based on the guideline which went into effect October 1, 1986, was not an unreasonable or irrational interpretation of its regulations, and must be upheld (see, Matter of Kaplen v New York State Div. of Hous. & Community Renewal, 131 AD2d 483). Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.