■ In the Matter of Lev Realty Company, Respondent, v State of New York Division of Housing and Community

Renewal, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the State of New York, Division of Housing and Community Renewal, Office of Rent Administration, dated January 6, 1987, confirming its prior determination dated October 16, 1985, finding that the petitioner was entitled to a labor cost modification to the 1984/1985 maximum base rent of only $9.59 per month, the appeal is from a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated June 5, 1987, which granted the petition and awarded the petitioner a monthly labor cost modification of $39.98.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed, on the merits.

We find that the appellant agency rationally interpreted the relevant provisions of the New York City Rent and Eviction Regulations *(see,* 9 NYCRR part 2200 *et seq.)* in calculating the rent increase to which the petitioner was entitled, based upon excess labor costs for the 1984/1985 maximum base rent period *(see, Matter of 160 Columbia Hgts. Corp. v Joy,* 41 NY2d 1019; *see also, Matter of Sigsbee Holding Corp. v Leventhal,* 42 AD2d 561, *affd* 35 NY2d 862; *Matter of Sherman v Gabel,* 22 AD2d 889). Since the agency's calculation had a rational basis, its determination should have been confirmed *(see, Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Kaplen v New York State Div. of Hous. & Community Renewal,* 131 AD2d 483). The letters submitted by the parties subsequent to oral argument are dehors the record and have not been considered on appeal. Kooper, Eiber and Balletta, JJ., concur.

Brown, J. P., concurs in the result with the following memorandum: I agree that, based upon the record before us, the Supreme Court erred in annulling the determination of the appellant State of New York, Division of Housing and Community Renewal, since that determination has a rational basis. However, given the appellant's postargument concession that some unspecified error in calculating the correct labor cost rental adjustment did, in fact, occur, I would grant the petitioner leave to seek an upward modification of the approved rental increase.