■ In the Matter of LEHAVRE TENANTS ASSOCIATION, INC., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and CORNET PROPERTIES COMPANY, Intervenor-Appellant.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Division of Housing and Community Renewal as excluded from administrative review the intervenor's appli-

cations for rent increases in connection with major capital improvements for 10 buildings in a 32-building complex, the intervenor Coronet Properties Company appeals from so much of a judgment of the Supreme Court, Queens County (Rozenweig, J.) entered April 19, 1989, as granted the petition and annulled the determination.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The New York State Division of Housing and Community Renewal (hereinafter the DHCR) has broad power to construe and interpret its own rules and regulations (see, Matter of Bernstein v Toia, 43 NY2d 437, 448). The Commissioner of the DHCR has interpreted the relevant regulations to provide that there is no discretion to excuse the failure of a party who is seeking administrative review of an order issued by a district rent administrator to file a petition for administrative review (PAR) within 33 days of the order sought to be reviewed (see, 9 NYCRR 2510.2 [b]). This construction of the subject regulation is not irrational and it must be upheld (see, Matter of Kaplen v New York State Div. of Hous. & Community Renewal, 131 AD2d 483; see also, Matter of Bernstein v Toia, supra). Likewise, we find no basis to disturb the DHCR's determination that, despite the errors of the rent administrator, the record does not show "fraud, illegality or irregularity in vital matters" which would justify an administrative reopening of closed proceedings. Brown, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.