■ In the Matter of LeHavre Tenants Association, Inc., Respondent, v New York State Division of Housing and Community Renewal, Respondent, and Coronet Properties Company, Intervenor-Appellant.—Motion by the petitioner for leave to reargue an appeal from an order of the Supreme Court, Queens County (Rosenzweig, J.), entered April 19, 1989, which was determined by a decision and order of this court dated February 19, 1991 [170 AD2d 606], and, alternatively, for leave to appeal to the Court of Appeals from the decision and order dated February 19, 1991.

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for reargument is granted, and upon reargument, this court's decision

and order dated February 19, 1991, is recalled and vacated, and the following decision and order is substituted:

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Division of Housing and Community Renewal as excluded from administrative review the intervenor's applications for rent increases in connection with major capital improvements for 10 buildings in a 32-building complex, the intervenor Coronet Properties Company appeals from so much of a judgment of the Supreme Court, Queens County (Rosenzweig, J.), entered April 19, 1989, as granted the petition and annulled the determination.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the agency's determination with respect to the buildings number 2, 4, 8, 10, 12, 13, and 26, is confirmed, and the proceeding is dismissed on the merits as to those buildings, and the matter is remitted to the Supreme Court, Queens County for a determination of whether petitions for administrative review had been filed with respect to buildings numbered 1, 3, and 7 and whether, by virtue of such filings, the intervenor's applications for rent increases in connection with major capital improvements should be reevaluated with respect to those buildings.

The New York State Division of Housing and Community Renewal (hereinafter the DHCR) has broad power to construe and interpret its own rules and regulations (see, Matter of Bernstein v Toia, 43 NY2d 437, 448). The Commissioner of the DHCR has interpreted the relevant regulations to provide that there is no discretion to excuse the failure of a party who is seeking administrative review of an order issued by a district rent administrator to timely file a petition for administrative review (PAR) of the order sought to be reviewed (see, 9 NYCRR 2529.2; see also, 9 NYCRR 2510.2 [b]). This construction of the subject regulation is not irrational and it must be upheld (see, Matter of Kaplen v New York State Div. of Hous. & Community Renewal, 131 AD2d 483; see also, Matter of Bernstein v Toia, supra). Likewise, we find no basis to disturb the DHCR's determination that, despite the errors of the rent administrator, the record does not show "fraud, illegality or irregularity in vital matters" which would justify an administrative reopening of closed proceedings. Accordingly, the DHCR properly declined to reconsider the grant of the landlord's application for rent increases in relation to certain

alleged capital improvements with respect to the buildings in the complex where no PARs had been filed.

At the same time, in granting the petition in full, the Supreme Court did not address the question of whether tenants of some of the 10 buildings excluded from reevaluation had in fact filed timely petitions for administrative review. In light of evidence suggesting that PARs had been filed for three of those buildings, we remit this matter to the Supreme Court for a determination of whether petitions for administrative review had been filed for buildings numbered 1, 3 and 7 and if so, whether by virtue of such filings, the intervenor's application for rent increases with respect to those buildings should be reevaluated. Kunzeman, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.