■ In the Matter of DUKE 367 REALTY CORP., as Successor in Interest to SANGUARD ENTERPRISES, INC., Appellant, v ANGELO J. APONTE, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent. [659 NYS2d 85] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Angelo J. Aponte, Commissioner of the New York State Division of Housing and Community Renewal, dated October 12, 1995, which dismissed a petition for administrative review as untimely, the petitioner appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), dated May 17, 1996, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well settled that the New York State Division of Housing and Community Renewal (hereinafter the DHCR) has broad power to interpret and construe the rules and regulations it administers *(see, Matter of LeHavre Tenants Assn. v New York State Div. of Hous. & Community Renewal,* 176 AD2d 877, 878). Moreover, as this Court has so often noted, the construction given to statutes by the agency responsible for their administration, if not unreasonable or irrational, should be upheld *(see, Matter of LeHavre Tenants Assn. v New York State Div. of Hous. & Community Renewal, supra; Matter of Lipes v New York State Div. of Hous. & Community Renewal,* 174 AD2d 571, 572).

In accordance with the DHCR's regulations, a petition for administrative review of an order of a rent administrator must be filed with the DHCR within 35 days after that order is issued, a requirement that is strictly enforced *(see,* 9 NYCRR 2529.2; *Matter of Windsor Place Corp. v State Div. of Hous. & Community Renewal,* 161 AD2d 279, 280; *Matter of Kaplen v New York State Div. of Hous. & Community Renewal,* 131 AD2d 483, 484). Further, within 30 days after a change in ownership of a building or complex covered by the regulations, the new owner is required to notify the DHCR of that change on a prescribed form, signed by the new owner, listing the address of the building or complex; the name, address, and telephone number of the new owner; and the date of the transfer of ownership *(see,* 9 NYCRR 2523.8). The regulations do not provide for an extension of time where a delay in filing a petition for administrative review results from a mailing of an or-

der of the rent administrator to the last registered owner because no notice was given to the DHCR of an ownership change. Therefore, we find that the Commissioner's determination had a rational basis, and thus was neither arbitrary nor capricious *(see, Matter of Windsor Place Corp. v State Div. of Hous. & Community Renewal, supra; Matter of LeHavre Tenants Assn. v New York State Div. of Hous. & Community Renewal, supra)*. Accordingly, we decline to disturb it on appeal. Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.