■ In the Matter of 5700-5800-5900 ARLINGTON AVENUE ASSOCIATES, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.—Order of the Supreme Court, Bronx County (Jack Turret, J.), entered December 10, 1987, which granted petitioner-respondent's application for a judgment pursuant to CPLR article 78 ,to the extent of remanding the matter to respondent for further proceedings and denied respondent's cross motion to dismiss the proceeding as a matter of law, unanimously reversed, on the law and the facts, the application denied, the cross motion granted and the petition is dismissed, without costs.

Our affirmance [146 AD2d 973] of IAS's finding that petitioner had timely served its petition for administrative review was based on the misapprehension that the receipts for certified mail attached to the envelopes in which the PAR was enclosed, and which bore a date in a space marked "Postmark or Date" indicating a timely mailing, constituted "other adequate proof of mailing * * * such as an official Postal Service receipt or certificate of mailing" within the meaning of respondent's regulation governing the service of PARs (9 NYCRR 2529.2). In fact, there is nothing "official" about these receipts at all. They were filled in by petitioner, and do not bear the familiar circular stamp of the post office verifying the date of mailing. Absent objective proof of timely mailing of the sort required by the regulation, respondent's determination that the PAR had not been timely served should not have been disturbed (*Matter of Kawary v Joy*, 84 AD2d 550), based as it was on a rational interpretation of its own rule (*Matter of Plaza Mgt. Co. v City Rent Agency*, 48 AD2d 129, 131, *affd* 37 NY2d 837). Concur—Kupferman, J. P., Ross, Carro, Ellerin and Wallach, JJ.