■ In the Matter of PHILIP TENER, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent, and CLEO WADLER, Intervenor-Respondent.—Judgment of the Supreme Court, New York County (Stanley L. Sklar, J.), entered on April 11, 1989, which denied petitioner's application pursuant to CPLR article 78 to annul a denial of a petition for administrative review issued on June 13, 1988 by respondent New York State Division of Housing and Community Renewal and dismissed the petition, is unanimously affirmed, without costs or disbursements.

Petitioner seeks to annul respondent's determination that the intervenor tenant was protected by the rent control laws because she has been in continuous occupancy of the subject apartment since her birth in 1937. The tenant of record, intervenor's mother, vacated the apartment to reside in a nursing home. Intervenor's uncontroverted statement was that for a period of only six months to one year she stayed with a friend but, even during such period, she returned regularly to the apartment and left most of her personal property there. Intervenor also provided documentary evidence of her residency. Respondent found that petitioner was unable to rebut the intervenor's statements except by allegations that were conclusory or based on hearsay. The Supreme Court concluded that the administrative ruling was neither arbitrary, capricious nor unreasonable. We agree.

Vacancy decontrol of a rent-controlled apartment occurs when the tenant of record voluntarily vacates the unit (9 NYCRR 2200.2 [f] [17]). However, pursuant to 9 NYCRR 2204.6 (d), the surviving spouse or family member of a deceased tenant who has continuously lived with the tenant is entitled to remain in possession of the apartment as a rent-controlled tenant. The protection of this section has been extended to family members living with a tenant who voluntarily vacated the unit *(Matter of Herzog v Joy,* 74 AD2d 372, *affd* 53 NY2d 821). The family member must establish a contemporaneous occupancy with the named tenant and some

indication of permanence or continuity *(829 Seventh Ave. Co. v Reider,* 67 NY2d 930). Such evidence was presented here. This court may not substitute its judgment for that of the administrative agency; it is our function merely to ascertain whether there was a rational basis for the determination and that it was not arbitrary or capricious *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.