■ RUSTY REALTY ASSOCIATES, LTD., Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered on or about September 29, 1988, which, *inter alia,* denied the cross motion of respondent-appellant New York State Division of Housing and Community Renewal to dismiss a petition brought pursuant to CPLR article 78, unanimously reversed, on the law, the cross motion granted, and the petition dismissed, without costs.

Respondent-appellant Division of Housing and Community Renewal (DHCR) correctly contends that the IAS court improperly denied its cross motion to dismiss the article 78 petition herein in view of the fact that the Commissioner's order, which dismissed the landlord's administrative appeal as being untimely filed, was reasonable and supported by a rational basis.

The underlying action in this case was a landlord-tenant controversy that arose over alleged rent arrears, rent overcharges, and the lawful status of a tenant, Tim Lomas, who resided at 60 Avenue B, apartment 5A, New York, New York. In July 1983, the landlord, one Paul Stallings, transferred ownership of the subject premises to Maurice Roth. On June 29, 1984, pursuant to a foreclosure action, a retired Justice of the Supreme Court, New York County, was appointed by that court as a receiver to collect rent and manage the building. On April 22, 1985, a judgment of foreclosure was entered against Roth, extinguishing his title to the premises.

On June 13, 1985, the District Rent Administrator (DRA) issued an order determining the lawful stabilized rent for the subject apartment. It is conceded that while Lomas and Roth were served with the DHCR order, the receiver was not.

On June 19, 1985, only six days after the DRA order was issued, HJR Partnership, a nominee of the current owner, petitioner-respondent herein, Rusty Realty Associates (Rusty), purchased the property, a rent-stabilized building, at a public foreclosure auction. Thus, while the DHCR neglected to serve the court-appointed receiver,* this does not vitiate Rusty's duty to make inquiry regarding title and encumbrances to the property, particularly given the circumstances of the acquisition.

On August 16, 1985, Rusty filed a petition for an administrative review (PAR). Rusty does not dispute that the PAR was not filed within 33 days after the date the order of the DRA was issued and duly mailed. (See, Matter of Gruber v New York State Div. of Hous. & Community Renewal, 151 AD2d 426, 427-428 [1st Dept 1989].) Indeed the record reflects that the PAR was filed a month after the deadline had passed. Thus, on December 31, 1985, Rusty's PAR petition was dismissed by DHCR as being untimely filed.

Rusty then commenced the within article 78 petition, challenging DHCR's dismissal of the PAR. DHCR cross-moved to

---

* In any event, petitioner makes no claim that the court-appointed receiver had any duty to inform it of the June 13, 1985 DRA order, even if he had received it.

dismiss the petition for failure to exhaust administrative remedies in view of the untimely filing of the PAR. This cross motion was denied by the IAS court on September 29, 1989. The court stated: "[c]learly the mailing of the order to Roth on June 13, 1985 was not notice to this landlord, the receiver or other owner. * * * If the facts [had] establish[ed] a finding that proper notice was given, then this petition must be dismissed upon the well recognized rule set forth in the cases relied upon by the DHCR. The record does not establish that such notice was given."

While it is true that no notice was given to Rusty or the receiver, as noted above, Rusty was not entitled to service of any notice. In this regard, DHCR correctly observes that, on June 13, 1985, it had no duty to serve the order upon Rusty, since it was not yet the owner of the building, and, therefore, not an "aggrieved party". We hold that DHCR was under no obligation to serve Rusty, as a subsequent owner, with a copy of the order. Further, we note that it appears that the receiver was not served because he failed to register the building with DHCR.

We therefore hold that DHCR's determination that the PAR had not been timely served should not have been disturbed, since it was based upon a rational interpretation of its own rule. *(Matter of 5700-5800-5900 Arlington Ave. Assocs. v New York State Div. of Hous. & Community Renewal,* 149 AD2d 343 [1st Dept 1989].) Accordingly, we reverse the IAS court, grant the cross motion and dismiss the petition. Concur—Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.