■ In the Matter of WINDSOR PLACE CORP., Appellant, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent.—Judgment, Supreme Court, New York County (Franklin R. Weissberg, J.), entered July 20, 1989, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's order of February 22, 1989, is unanimously affirmed, without costs.

By order dated April 21, 1986, respondent upheld a tenant objection of an overcharge for garage rent, and determined that the garage space was subject to rent stabilization. An

amendment to the order was issued on November 5, 1986, and both the order and the amendment were mailed to petitioner at 640 Fifth Avenue, 3rd floor, New York, New York 10017. On January 30, 1987, petitioner filed a petition for administrative review (PAR), contending that garage service was not covered by rent stabilization and asking that the late filing of the PAR be excused because the order and amendment had been sent to its former business address. Respondent contested by pointing out that the PAR was over nine months late, and that the excuse for late filing was in any case spurious as petitioner was responsible for notifying respondent of any change of address. The PAR was dismissed as untimely. Petitioner then commenced this article 78 proceeding, contending, *inter alia,* that proper notice was not received because copies were addressed with an incorrect zip code. The court dismissed the petition, finding that the dismissal of the PAR as untimely was reasonable on the record before the Commissioner, that the claim of improper zip code had not been raised at the administrative level, and that to attribute a nine-month filing delay to an alleged improper zip code was frivolous. We agree.

A PAR must be filed within 35 days after the date the order was issued (Administrative Code of City of New York § 26-516 [h]; 9 NYCRR 2529.2), a requirement that is strictly enforced *(see, e.g., Matter of Kaplen v New York State Div. of Hous. & Community Renewal,* 131 AD2d 483). The statute and regulations do not provide for an extension when a delay results from a mailing to a former address and no notice is given of a change of address; thus, the Commissioner's decision had a rational basis and was neither arbitrary nor capricious *(Matter of Pell v Board of Educ.,* 34 NY2d 222). And, because the courts may not consider evidence not adduced before the agency *(see, Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd.,* 110 AD2d 704), argument based on the wrong zip code was precluded. Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.