■ In the Matter of SUTTON REALTY Co., Appellant, v RICHARD HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent.— Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered July 2, 1990, dismissing a CPLR article 78 petition for review of an order by the Deputy Commissioner, dated September 14, 1989, which had affirmed a Rent Administrator's determination concerning petitioner's overcharge of rent for the period March 1986 through September 1988, unanimously reversed, on the law and the facts, and the petition granted to the extent of remanding to respondent

Division of Housing and Community Renewal ("DHCR") for recalculation of the overcharge assessment in light of the fact that petitioner never received any rent from the tenant after January 1987, without costs.

The tenant entered into a lease with petitioner landlord for an apartment on East 52nd Street in Manhattan, for the period March 15, 1986 to March 31, 1987. Shortly thereafter, the tenant filed a complaint with DHCR asserting a rent overcharge. Petitioner answered the complaint in prompt fashion, attempting to justify the extraordinary rent increase on the basis of the apartment's recent vacancy and renovations in the kitchen. Over the course of the next two years, petitioner provided information to the agency as requested, including documentation of the capital improvements and verification of rent history for the apartment. Meanwhile, a few months before expiration of the lease, the tenant signed a renewal for a two-year extension.

On September 29, 1988 DHCR's District Rent Administrator ("DRA") issued a ruling that petitioner had overcharged its tenant in the total amount of $6,353.48. Included in this sum was an itemization of the actual rent charged, as well as calculation of the overcharge, for the period of the initial lease (through March 1987), and under the renewal lease (through September 1988, the date of determination).

Petitioner filed a timely petition for administrative review. In addition to challenging the DRA's rejection of justification for extraordinary rent increase, petitioner cited the fact that the calculation of overcharges was overstated in that the tenant, having vacated the premises after defaulting in an eviction proceeding, never did pay any rent to petitioner after January 1987.

In his order affirming the DRA's ruling in all respects, DHCR's Deputy Commissioner rejected petitioner's challenge of the overcharge calculation because petitioner had failed to urge tenant's nonpayment before the DRA, thus rendering it "proper for the District Rent Administrator to presume that the tenant was paying rent in accordance with the submitted leases."

In dismissing this article 78 proceeding, the IAS court noted that while the issue of the tenant's failure to pay rent after January 1987 had been raised in the eviction proceeding, it was never brought to DHCR's attention prior to the District Rent Administrator's ruling.

We agree that the petitioner has failed to demonstrate that

DHCR's calculation of the rent overcharge per se was either arbitrary or capricious. And we note the parties' agreement that the unnamed tenant is not a necessary party to these proceedings, notwithstanding the IAS court's statement to the contrary. But we disagree that petitioner's failure to raise the issue of excessiveness of the overcharge assessment before the District Rent Administrator should have precluded its consideration on the petition for administrative review. Indeed, petitioner did not have notice of the overcharge calculation until issuance of the DRA ruling in September 1988. No one would have been prejudiced by a remand to the DRA for a recalculation of the rent overcharge based on the tenant's actual rental payments, or more to the point, nonpayments. Respondent DHCR does not dispute the long-absent tenant's asserted failure to pay rent after January 1987. DHCR, and through it the defaulting tenant, are not entitled to exact a windfall for the return of payments never made. Concur— Sullivan, J. P., Carro, Wallach and Rubin, JJ.