■ JOSEPH PANE et al., Appellants, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), dated January 4, 1990, which, inter alia, granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiffs, Joseph Pane and Daniel Stevens, uniformed court officers employed by the State of New York, commenced this action against the City of New York to recover damages for injuries they sustained while restraining two prisoners in the custody of the New York City Department of Corrections. The plaintiff court officers were assigned to a courtroom at the Supreme Court, Kings County, where the prisoners were being tried for murder. Upon hearing the jury return a guilty verdict, the prisoners flipped over the defense table and produced homemade knives. The court officers were stabbed in the course of subduing the prisoners. The complaint alleged, among other things, that the negligence of the New York City Department of Corrections in failing to properly search the prisoners was a proximate cause of their injuries. The Supreme Court granted the City's cross motion for summary judgment dismissing the complaint, and we affirm.

We agree with the Supreme Court that the so-called "fireman's rule" applies to this case to preclude recovery by the plaintiff court officers. This rule is a "long-standing common-law rule that firefighters injured while extinguishing fires generally cannot recover against the property owners or occu-

pants whose negligence in maintaining the premises occasioned the fires" *(Santangelo v State of New York,* 71 NY2d 393, 396).

In *Santangelo,* the Court of Appeals held that the rule applies as well to police officers injured in the line of duty because "[l]ike firefighters, police are the experts engaged, trained and compensated by the public to deal on its behalf with emergencies and hazards often created by negligence" and, as a matter of public policy, "must be precluded from recovering damages for the very situations that create a need for their services" *(Santangelo v State of New York, supra,* at 397). That reasoning is equally relevant to court officers, whose scope of duty particularly includes preserving order in the courtroom *(see,* Judiciary Law § 342).

Contrary to the plaintiffs' contention, they cannot maintain an action under General Municipal Law § 205-e. That statute, enacted in response to *Santangelo,* created a negligence cause of action in favor of police officers for duty-related injuries resulting from the violation of any Federal, State or municipal statute or ordinance related to the safety of the premises *(see, Kenavan v City of New York,* 70 NY2d 558; *Campbell v Lorenzo's Pizza Parlor,* 172 AD2d 478).

Even assuming that the plaintiff court officers' injuries resulted from some statutory violation by the defendant, court officers are not within the class of plaintiffs in whose favor the statute was enacted. Inasmuch as it creates a cause of action where none existed at common law, the statute must be strictly construed *(see,* McKinney's Con Laws of NY, Book 1, Statutes § 301 [b]; *Arbegast v Board of Educ.,* 65 NY2d 161, 165; *Shields v Gross,* 58 NY2d 338, 345). We therefore interpret the statute to include within its purview only police officers, and not, as the plaintiffs contend, peace officers such as the plaintiffs Joseph Pane and Daniel Stevens.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.