■ In the Matter of EL-KAM REALTY Co., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and RICHARD PILE-STROTHER, Intervenor-Respondent.—Order and judgment (one paper), Supreme Court, New York County (Edward J. Greenfield, J.), entered December 12, 1990, which confirmed respondent's determination that respondent-tenant is entitled to a renewal lease, and dismissed the petition, unanimously affirmed, without costs.

There is no merit to petitioner's argument that it was deprived of due process because it was not given notice of the proceeding and not afforded a hearing to challenge the tenant's allegations. Although all of respondent's notices to petitioner were sent to the same address, petitioner responded only when informed of an adverse decision, and thus its suggestion that its mail went undelivered after it had changed its business address is unconvincing. In any event, respondent's notices were sent to petitioner's address of record, and, because petitioner did not notify respondent of a change of address, it cannot complain of any resulting purported lack of notice (see, Matter of Windsor Place Corp. v State Div. of Hous. & Community Renewal, 161 AD2d 279). Further, due process only requires that reasonable notice be provided so that the parties have an opportunity to present their objections; nothing in the Administrative Code requires respondent to hold an evidentiary hearing (Matter of Rubin v Eimicke, 150 AD2d 697, lv denied 75 NY2d 704). Within the narrow scope of review permitted this Court (Fresh Meadows Assocs. v Conciliation & Appeals Bd., 88 Misc 2d 1003, affd 55 AD2d 559, affd 42 NY2d 925) respondent's determination which did, in its review stage, consider written submission from petitioner, cannot be found to be arbitrary and capricious. Deferring to respondent's construction and interpretation of its own regulations (cf., Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229, affd 61 NY2d 976), there is no basis to

disturb its finding of a legal tenancy prior to petitioner's purchase of the building. Petitioner necessarily took subject to such rights as existed under the prior ownership *(see, Coulston v Singer,* 86 Misc 2d 1001). Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.