■ CHRISTINE M. HURLEY, Respondent, v STATE OF CONNECTICUT, Appellant. [640 NYS2d 602] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Molloy, J.), dated August 16, 1994, which denied its motion to dismiss the complaint on the ground, *inter alia,* that it fails to state a cause of action under General Municipal Law § 205-e.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint is granted.

On December 14, 1987, the plaintiff, a New York City Transit Police Officer, was injured in the line of duty while attempting to apprehend a patient who had escaped from a psychiatric hospital owned by the defendant State of Connecticut. In February 1988, the plaintiff filed a claim against the State of Connecticut with the Connecticut Commissioner of Claims. Her claim was subsequently dismissed for failure to prosecute.

On or about June 29, 1993, the plaintiff commenced this action against the State of Connecticut in the Supreme Court, Nassau County. The plaintiff asserted a cause of action pursuant to General Municipal Law § 205-e. The complaint alleged that the State of Connecticut had violated various Connecticut statutes, rules, and requirements by failing to take adequate measures to prevent the psychiatric patient's escape and by failing to notify the New York authorities of his escape. The State of Connecticut moved to dismiss the complaint on the ground, *inter alia,* that it failed to state a cause of action under General Municipal Law § 205-e. The Supreme Court denied the motion. We reverse.

General Municipal Law § 205-e created a cause of action in favor of police officers for duty-related injuries resulting from violations "of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments". The plaintiff would like us to read General Municipal Law § 205-e as creating a cause of action for violations of Federal law and the laws of the 50 States. Inasmuch as General Municipal Law § 205-e creates a cause of action where none existed at common law, it must be strictly construed (see, Pane v City of New York, 177 AD2d 688). The plain meaning of the statute supports the interpretation that only violations of Federal law and the laws of New York State and its subdivisions support a cause of action under General Municipal Law § 205-e. Moreover, nothing in the legislative history of the statute supports the plaintiff's interpretation of it.

In light of our determination, we need not address the State of Connecticut's remaining contentions. Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.