■ ANTHONY CIERVO et al., Appellants, v CITY OF NEW YORK, Respondent. [659 NYS2d 320] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Polizzi, J.), entered March 20, 1996, which, after the liability phase of a bifurcated trial, granted the defendant's motion to set aside a jury verdict in favor of the plaintiffs and against it, and dismissed the complaint.

Ordered that the order is reversed, on the law, with costs, the verdict is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.

The plaintiff, Anthony Ciervo, was employed by the Department of Sanitation of the defendant City of New York, and was injured when he stepped into a hole in the sidewalk while collecting garbage. At the conclusion of the liability phase of the trial, the jury found, inter alia, that the city was 83% at fault in the happening of the accident. The defendant city moved, inter alia, to set aside the verdict and to extend the so-called "firefighter's rule" to sanitation employees. The court granted the motion and dismissed the complaint. We reverse.

The common-law firefighter's rule, which was partially abrogated by the enactment of General Obligations Law § 11-106 (L 1996, ch 703), bars an injured police officer or firefighter from asserting a cause of action to recover damages for injuries based on common-law negligence "where some act taken in furtherance of a specific police or firefighting function exposed the officer to a heightened risk of sustaining the particular injury" (Zanghi v Niagara Frontier Transp. Commn., 85 NY2d 423, 439). The Supreme Court's extension of the rule to sanitation workers was improper. Unlike firefighters and police, sanitation workers are not experts engaged, trained, and compensated by the public to deal on its behalf with emergencies and hazards often created by negligence, and who, as a matter of public policy, should be precluded from recovering damages for

the very situations that create a need for their services (see, *Santangelo v State of New York,* 71 NY2d 393, 397; *Pane v City of New York,* 177 AD2d 688, 689). Moreover, the Supreme Court's application of an inherent risk standard as opposed to the heightened or increased risk standard set forth in *Zanghi (supra)* was error.

The city's contention that it did not receive sufficient notice of the sidewalk defect is without merit (*cf., Camacho v City of New York,* 218 AD2d 725). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur. [*See,* 167 Misc 2d 170.]