◼ In the Matter of EDMUND N. MILLER, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [669 NYS2d 567] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered December 5, 1996, which denied petitioner managing agent's application to annul respondent agency's dismissal of his petition for administrative review (PAR) as untimely, and dismissed the petition, unanimously affirmed, without costs.

We agree that the apartment's registered owner was properly served with the rent overcharge order (9 NYCRR 2527.3 [c]) and that its managing agent's PAR was brought more than 35 days after the issuance of such order (9 NYCRR 2529.2). We also reject petitioner's argument that his PAR was nevertheless timely because respondent did not also serve the order on a certain corporation mentioned in the tenant's initial complaint (9 NYCRR 2527.3 [c]). This fact-based, controvertible argument is improperly raised for the first time on appeal (see, *Matter of Windsor Place Corp. v State Div. of Hous. & Community Renewal*, 161 AD2d 279), and in any event appears to be without merit in that the record indicates that respondent did mail a copy of the order to the corporation in question. We note that petitioner was not the registered owner, and that his name did not appear on the tenant's initial complaint, belying his argument before the motion court, apparently abandoned on appeal, that he was entitled to service of the order. We also note the tenant's complaint listed the corporation in question as owner/agent, located at the same address as the registered owner, that respondent directed the tenant's complaint to such corporation at that address, that such corporation answered the complaint through petitioner, and that it therefore strains credulity for petitioner to argue that he did not receive the overcharge order also sent to that address. Concur—Sullivan, J. P., Milonas, Williams, Andrias and Saxe, JJ.