■ In the Matter of CALOGERO DiMAGGIO, Respondent, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [670 NYS2d 501] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated May 16, 1996, which affirmed an order of the Rent Administrator, dated March 20, 1990, finding the existence of a willful rent overcharge and imposing a penalty of treble damages, the New York State Division of Housing and Community Renewal appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated January 14, 1997, which remitted the matter to the DHCR for reconsideration of certain factual issues.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the petition is denied.

In 1986 the petitioner purchased the subject building which contained six apartments, but failed to register it with the New York State Division of Housing and Community Renewal (hereinafter the DHCR). In 1988, the DHCR served the petitioner with a tenant's complaint of rent overcharge that had originally been filed in 1985. Thereafter the DHCR sent the petitioner numerous notices and requests for lease information regarding the complaining tenant's apartment from

1980 on, accompanied by warnings that failure to comply could result in an assessment of overcharges plus treble damages. Notwithstanding these warnings, the petitioner failed to cooperate. On March 20, 1990, the Rent Administrator (hereinafter RA) issued an order directing the petitioner to pay to the complaining tenant the sum of $22,290.99, representing a rent overcharge plus treble damages.

The petitioner filed for administrative review, in the course of which he argued for the first time that he had been prejudiced by the tardiness of the DHCR's service upon him of the tenant's complaint. Furthermore, based on an affidavit from someone purporting to be a former owner, stating that the subject apartment had been vacant between 1980 and the complaining tenant's occupancy, the petitioner claimed that the DHCR erred in basing the "rent" overcharge on his "default" in supplying lease information since there were no leases for the periods in question. In affirming the RA's ruling, the Deputy Commissioner declined to consider the new arguments and evidence. The petitioner then commenced this proceeding pursuant to CPLR article 78. The Supreme Court remitted the matter to the DHCR to evaluate the issue of whether the petitioner had been prejudiced by the agency's initial delay in serving the tenant's complaint, as well as the additional matter of "the occupancy status of the apartment" between April 1, 1980, and the date of the complaining tenant's occupancy.

It is well established that where, as here, an administrative agency's determination has a rational basis, and is supported by the evidence in the record, it must be affirmed (*see, e.g., Matter of Pell v Board of Educ.*, 34 NY2d 222, 230; *Matter of Windsor Place Corp. v State Div. of Hous. & Community Renewal*, 161 AD2d 279, 280; *Matter of Tener v New York State Div. of Hous. & Community Renewal*, 159 AD2d 270; *Matter of Mazel Real Estate v Mirabal*, 138 AD2d 600; *Matter of Bambeck v State Div. of Hous. & Community Renewal*, 129 AD2d 51, 55; *Villas of Forest Hills v Lumberger*, 128 AD2d 701, 703).

Moreover, the Deputy Commissioner of the DHCR properly exercised his discretion in refusing to consider the new issues raised by the petitioner during the administrative review process, where the petitioner gave no reason for failing to present them to the RA in a timely fashion (*see,* 9 NYCRR 2529.6; *see, e.g., Matter of Birdoff & Co. v New York State Div. of Hous. & Community Renewal*, 204 AD2d 630; *Matter of 60 Gramercy Park Co. v State of N. Y. Div. of Hous. & Community Renewal*, 188 AD2d 371; *Matter of 985 Fifth Ave. v State Div. of*

*Hous. & Community Renewal,* 171 AD2d 572; *cf., Matter of Sutton Realty Co. v Higgins,* 174 AD2d 483).

In any event, the petitioner's belated claims are devoid of merit. Pursuant to 9 NYCRR 2526.1 (f) (2), a current owner is responsible for his own and his predecessors' overcharges and penalties under the Rent Stabilization Law. Of course, the current owner may sue his predecessors for their proportionate share. In addition, notwithstanding the petitioner's delinquency in registering with the DHCR (*see,* 9 NYCRR 2527.3 [c]; *Matter of El-Kam Realty Co. v New York State Div. of Hous. & Community Renewal,* 180 AD2d 412; *Rusty Realty Assocs. v New York State Div. of Hous. & Community Renewal,* 161 AD2d 207), that agency's delay in serving the petitioner with the tenant's complaint was not a cause of the petitioner's failure to submit the requested rental history, which the DHCR had demanded numerous times during 1988 and 1989. Accordingly, as the petitioner was not prejudiced by the alleged delay in serving him with the complaint, there is no reason to remit the matter to the DHCR for consideration of this issue (*see, e.g., Matter of Corning Glass Works v Ovsanik,* 84 NY2d 619; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, *cert denied* 476 US 1115).

Finally, the belated "affidavit" submitted in support of the petitioner's contention that the subject apartment was vacant between February 1980 and when the complaining tenant took occupancy is, on its face, insufficient to warrant review by the DHCR of this issue. Among other things, the affidavit is deficient since the identity and basis of knowledge of the affiant are uncertain. Moreover, the affidavit is unclear as to the dates of the affiant's alleged ownership of the building and whether the apartment at issue was the apartment which was uninhabited. Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.