■ MON-ROSE REALTY CORPORATION, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [679 NYS2d 399] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered on or about March 5, 1998, which denied petitioner's application to annul respondent's determination of a rent overcharge and award of treble damages, and dismissed the petition, unanimously modified, on the law, the petition granted to the extent of remanding to the respondent for clarification of the correct rent for the subject apartment and a recalculation of the overcharge award, including treble damages, and otherwise affirmed, without costs.

The Commissioner and the IAS Court correctly noted that the agency's long delay in notifying petitioner of the overcharge complaint had no practical impact since even had notice been timely sent, petitioner concededly still would have been unable to submit the required lease covering April 1980 (see, Matter of DiMaggio v Division of Hous. & Community Renewal, 248 AD2d 533). Moreover, the agency properly found an overcharge to exist, since other 5-room apartments in the building had lower rentals. Further, petitioner failed to satisfy its burden of demonstrating an absence of willfulness with the mere assertion that it had adopted the rent set by the prior landlord. To that extent the order is affirmed.

Nevertheless, as the Commissioner acknowledged, the Rent Administrator's determination of the proper rent was founded upon an error made by the agency, not by petitioner, as to the size of the subject apartment. Given the importance of setting a correct rent, both for determining the extent of the overcharge and for purposes of future rent calculations, the error is not eliminated by the bare assertion that it was offset by the agency's failure to "freeze the rent" for the period covered by the Rent Administrator's order. Accordingly, we remand for a clarification of the correct rent for the subject apartment and a

recalculation of the overcharge award. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.