■ In the Matter of STERLING 350 ENTERPRISES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [686 NYS2d 791] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated March 10, 1997, which denied a petition for administrative review of an order denying an application for rent restoration, the petitioner appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), dated November 24, 1997, which denied the petition and dismissed the proceeding. The appeal brings up for review so much of an order of the same court, dated May 1, 1998, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the judgment is dismissed, as it was superseded by the order made upon reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Although the petitioner-landlord completed numerous repairs in the tenant's rent-stabilized apartment, it failed to make several others. Accordingly, by order dated October 12, 1993, the Division of Housing and Community Renewal (hereinafter DHCR) reduced the tenant's rent. On June 20, 1995, the owner filed an application to restore full rent, on the ground that all of the complained-of conditions had been fixed. Following a DHCR inspection conducted on September 26, 1996, which revealed a continuing loose tile condition in the bathroom, the Rent Administrator denied the landlord's application on October 9, 1996. The landlord filed a petition for Administrative Review in which it asserted, *inter alia,* that it had repaired the tenant's loose tiles after receiving the Rent Administrator's October 1996 order. DHCR denied the landlord's petition for Administrative Review on March 10, 1997.

It is well established that DHCR has the authority to deny rent restoration when only one of many complaints is left unrepaired, or is repaired in less than a workmanlike manner (*see, e.g., Matter of ANF Co. v Division of Hous. & Community Renewal,* 176 AD2d 518; 9 NYCRR 2523.3, 2523.4). Because the record supports DHCR's finding that at least one item, bathroom tiles, either had not been fixed or had not been fixed in a workmanlike fashion, its determination is supported by substantial evidence (*see, e.g., Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Colton v Berman,* 21 NY2d 322; *Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal,* 159 AD2d 416; *Matter of Plaza Mgt. Co. v City Rent Agency,* 48 AD2d 129, *affd* 37 NY2d 837). Significantly, the landlord did not deny that the tenant's bathroom tiles were loose on the occasion of DHCR's inspection on September 26, 1996, alleging only that the condition was a "new" one which it repaired promptly after receiving the Rent Administrator's October 1996 order. The Supreme Court could not consider this alleged belated repair, however, because it was dehors the evidence presented to the Rent Administrator (*see,* 9 NYCRR 2529.6; *see also, Matter of DiMaggio v Division of Hous. & Community Renewal,* 248 AD2d 533; *Matter of Birdoff & Co. v New York State Div. of Hous. & Community Renewal,* 204 AD2d 630; *Matter of 985 Fifth Ave. v State Div. of*

*Hous. & Community Renewal,* 171 AD2d 572; *Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, *affd* 58 NY2d 952).

The petitioner's remaining contentions are without merit. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.