■ ALTAGRACIA BREA, Respondent, v JACKSON HEIGHTS PROPERTIES et al., Defendants, and 63-94 AUSTIN REALTY L. L. C., Appellant. [723 NYS2d 49] —In a plenary action, *inter alia*, to recover a rent overcharge and penalties awarded to the petitioner by determination of the New York State Department of Housing and Community Renewal dated November 14, 1999, the defendant 63-94 Austin Realty L. L. C. appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Golar, J.), dated June 15, 2000, which denied its motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211, granted the plaintiff's cross motion for summary judgment, and is in favor of the plaintiff and against it in the principal sum of $80,173.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff, the former tenant in an apartment building now owned by the appellant, seeks to recover a rent overcharge and penalties assessed against the former owner of the building by the New York State Division of Housing and Community Renewal (hereinafter DHCR).

For overcharge complaints filed or overcharges collected on

or after April 1, 1984, 9 NYCRR 2526.1 (f) (2) provides that the current owner is responsible for all overcharges and penalties. Therefore, the DHCR can impose liability for such overcharges and penalties against new owners who take title to the building after the overcharge occurred (*see, Matter of Jewnandan v Commissioner of N. Y. State Div. of Hous. &. Community Renewal*, 275 AD2d 415). However, in the instant case, the appellant did not take title to the property until after the proceedings before the DHCR were concluded, and a petition for administrative review filed by the former owner was denied.

Pursuant to 9 NYCRR 2526.1 (e), judgment must be entered in "a form prescribed by the DHCR." The DHCR takes the position that "[t]he Rent Stabilization Law and Code do not provide any legal basis to modify [its] order based upon a change of ownership occurring after issuance of the order," determining the petition for administrative review. An interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to great deference (*see, Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549). Causes of action for rent overcharges and penalties were statutorily created, and therefore must be strictly construed (*see, Hurley v Connecticut*, 226 AD2d 432; *Pane v City of New York*, 177 AD2d 688).

The plaintiff argues that an owner who takes title to property after the proceedings before the DHCR are concluded should not be absolved from liability for overcharges. To conclude otherwise she claims, would be sending a message to landlords that "any treble damages rent overcharge by the DHCR could simply be erased by selling or transferring the property." If the transfer of title were made with the actual intent to hinder the tenant's ability to collect the rent overcharge and penalties, the tenant could assert a cause of action under Debtor and Creditor Law § 276, alleging a fraudulent conveyance.

However, in the instant case, the plaintiff's theory of recovery against the appellant is that the DHCR has determined a rent overcharge and penalties, therefore judgment for that overcharge and penalties should be entered against the appellant, as the current owner. In view of the foregoing, the complaint fails to state a cause of action against the appellant.

Accordingly, the complaint should be dismissed insofar as asserted against the appellant.

The appellant's remaining contentions need not be addressed. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.