■ In the Matter of L.G.B. ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [739 NYS2d 444] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated April 17, 2000, which denied, in part, a petition for administrative review of an order of the Rent Administrator dated November 20, 1997, and directed the petitioner to refund a rent overcharge, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hall, J.), dated November 2, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Where an administrative agency's determination has a rational basis, and is supported by the evidence in the record, it must be affirmed (*see Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of DiMaggio v Division of Hous. & Community Renewal,* 248 AD2d 533, 534). The interpretation of a statute or regulation by the agency which promulgated it and is responsible for its administration is entitled to great deference, if such interpretation is not unreasonable or irrational

(*see Matter of Salvati v Eimicke,* 72 NY2d 784, 791; *Brea v Jackson Hgts. Props.,* 281 AD2d 579, 580).

The Division of Housing and Community Renewal (hereinafter the DHCR) acted rationally in imposing a rent overcharge penalty upon the petitioner, the current owner of the building that contains the subject apartment, because the prior owner and the petitioner failed to file annual registration statements (*see Matter of DiMaggio, supra* at 535; 9 NYCRR 2526.1 [f] [2]). Furthermore, contrary to the petitioner's assertions, Section 23 of the Rent Regulation Reform Act of 1993 (L 1993, ch 253) unequivocally applies only to proceedings docketed on or after July 1, 1991. Accordingly, the determination of the DHCR that it could impose overcharge penalties upon the petitioner for a complaint filed on January 22, 1990, despite belatedly-filed annual registrations, should not be disturbed. Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.