■ In the Matter of RICHARD M. TUFO, Appellant, v LOUIS S. D'ALISO et al., Respondents. [791 NYS2d 581]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Louis S. D'Aliso, as Commissioner of the Westchester County Department of Public Safety, dated August 29, 2002, terminating the petitioner's employment as a probationary police officer, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Murphy, J.), entered July 7, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On January 15, 2001, the petitioner was appointed to the position of police officer in the Westchester County Department of Public Safety. The petitioner was required to serve a maximum probationary term of 78 weeks, which was scheduled to expire on July 15, 2002. However, the petitioner was absent for 45 days during the probationary period, and worked approximately 139 hours in overtime.

Under Westchester County Civil Service rule 11.2, if a probationary employee is absent for more than 10 days, that employee's probationary period may be extended by the entire period missed. By letter dated July 10, 2002, the respondent Louis S. D'Aliso, as Commissioner of the Westchester County of Public Safety, advised the petitioner that 44 days had been added to his probationary period, and that such period would end on September 13, 2002. Thereafter, by letter dated August 29, 2002, D'Aliso notified the petitioner that his probationary appointment as a police officer was terminated.

The petitioner argues that he successfully completed his probationary period prior to his termination, and that his probationary period should have been calculated by deducting

the hours he worked during overtime from the number of days in which he was absent during such period. Therefore, the petitioner contends that the respondents' interpretation of Westchester County Civil Service rule 11.2 in calculating the term of his probationary period was irrational.

However, "the interpretation given to a regulation by the agency which promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable" (*Matter of Gaines v New York State Div. of Hous. & Community Renewal,* 90 NY2d 545, 548-549; *see Matter of L.G.B. Assoc. v New York State Div. of Hous. & Community Renewal,* 292 AD2d 609, 609-610 [2002]; *Brea v Jackson Hgts. Props.,* 281 AD2d 579, 580 [2001]). Here, the Supreme Court properly denied the petition and dismissed the proceeding since the respondents' interpretation of the rule at issue in calculating the petitioner's probationary period was rational. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.