■ In the Matter of MICHAEL GOLDMAN, Individually and on Behalf of ONE UNIVERSITY PLACE TENANTS ASSOCIATION, Petitioner, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [817 NYS2d 498]—

Determination of respondent Division, dated January 25, 2005, reversing Rent Administrator's order reducing rent dated April 28, 1999 and order pursuant to remand dated December 11, 2002, which had determined that the owner's discontinuance of tenants' recreational use of the roof constituted a decrease in services, directed restoration of such services and imposed rent reductions, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Leland DeGrasse, J.], entered June 30, 2005) dismissed, without costs.

A rent reduction will be ordered only where it is found that an owner has failed to maintain a required service (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-514; Rent Stabilization Code [RSC] [9 NYCRR] § 2523.4). However, certain conditions are so de minimis in nature that they do not rise to a level of failure to maintain a required service. One of them is "discontinuance of recreational use [of a roof] (e.g., sunbathing) unless a lease clause provides for such service, or formal facilities (e.g., solarium) are provided by the owner" (RSC § 2523.4 [e] [19]).

The determination that discontinuance of recreational use of the roof by the tenants did not rise to the level of a required service and was thus de minimis because there was no formal facility was supported by substantial evidence (see *Matter of Clarendon Mgt. Corp. v New York State Div. of Hous. & Community Renewal*, 271 AD2d 688 [2000]; see also *Matter of Sterling 350 Enters. v New York State Div. of Hous. & Community Renewal*, 259 AD2d 621 [1999]). Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.