■ In the Matter of MARLIN REALTY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [839 NYS2d 802]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated April 22, 2005, which denied a petition for administrative review and confirmed an order of the Rent Administrator dated March 8, 2005, directing the petitioner to refund a rent overcharge and awarding the tenant treble damages for the rent overcharge, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated January 5, 2006, which denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the petitioner's argument, notice of the proceedings before the New York State Division of Housing and Community Renewal (hereinafter the DHCR) was duly served upon the last registered owner of the premises (*see* 9 NYCRR 2527.3 [c]). Further, the DHCR rationally concluded that the petitioner, as the current owner of the premises, is liable for rent overcharges made prior to the date on which the petitioner took title (*see Matter of Jewnandan v Commissioner, N.Y. State Div. of Hous. & Community Renewal*, 275 AD2d 415 [2000]; 9 NYCRR 2526.1 [f] [2] [i]; *cf. Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 550 [1997]). *Brea v Jackson Hgts. Props.* (281 AD2d 579 [2001]), upon which the petitioner relies, holds only that judgment may not be entered against a party who takes ownership of premises after the conclusion of a rent-overcharge proceeding since the DHCR's regulations provide for the entry of judgment only against a party to the proceeding. Here, the petitioner became a party to the proceeding before the DHCR by filing a petition for administrative review of the initial rent-overcharge determination.

The petitioner's remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.