OPINION OF THE COURT
Memorandum.
Order reversed without costs and tenant’s motion for summary judgment dismissing the petition granted.
In this nonpayment proceeding, landlord seeks to recover alleged rent arrears of $377.55 per month for the 31 months from January 2003 through July 2005. Tenant denies that any rent is due, contending that she is still deducting a May 1997 Division of Housing and Community Renewal (DHCR) overcharge award of $32,818.38 from the rent as it accrues. In opposition to tenant’s motion for summary judgment based on this defense, landlord asserted that the DHCR award is not enforceable against it because it was not made a party to the overcharge proceeding brought against the former owner (citing Sanford Ave. Realty Co., LLC v Reynoso, 2003 NY Slip Op 51193[U] [App Term, 2d & 11th Jud Dists 2003], affd 19 AD3d 401 [2005]). The housing court agreed with landlord and denied tenant’s motion. We reverse and grant the motion.
Rent Stabilization Code (RSC) (9 NYCRR) § 2526.1 (e), governing the enforcement of overcharge awards, provides, in pertinent part:
“A tenant may recover any overcharge penalty *69 established by the DHCR by deducting it from the rent due to the present owner at a rate not in excess of 20[%] of the amount of the penalty for any one month’s rent. If no such rent credit has been taken, the order of the DHCR awarding penalties may be entered, filed and enforced by a tenant in the same manner as a judgment of the supreme court, on a form prescribed by the DHCR, provided that the amount of the penalty exceeds $1,000 or the tenant is no longer in possession.”
In Reynoso, this court held, and the Appellate Division agreed, that where a DHCR overcharge award was only against a prior owner, and the current owner had not been made a party to the DHCR proceeding, the order could not be enforced against the current owner merely by filing the order as a judgment. This holding was in turn predicated on the Appellate Division’s earlier ruling upholding DHCR’s position that its overcharge award could not be modified to reflect the change of ownership (Brea v Jackson Hgts. Props., 281 AD2d 579 [2001]). As no such modification of the DHCR award is required where the tenant elects to deduct the award against rents due a successor owner, and as a successor owner is properly chargeable with knowledge of the existence of a DHCR award against its predecessor (cf. Matter of Gaines v New York State Div. of Hous. & Community Renewal, 90 NY2d 545, 549 [1997]), a DHCR overcharge award is properly enforceable by way of deduction against the rent owed to a successor owner. We note that RSC § 2526.1 (e) expressly provides that a deduction from the rent due the “present owner” may be taken. In addition, both this court and the Appellate Division suggested in Reynoso that the alternate remedy set forth in RSC § 2526.1 (e) of deduction from rents remained available to a tenant against a successor owner.
Since a calculation of the collectible rents that accrued from the time of the 1997 DHCR overcharge award to the time of the commencement of this proceeding establishes that the total amount of the accrued rents is less than the amount of the DHCR award, tenant was not in default in rent, and this proceeding should have been dismissed. We note that while this calculation entails an examination of rent records that are more than four years old, the examination is necessary for the proper enforcement of the DHCR award and is permissible because the rent records are not being examined for the purpose of determining the legal regulated rent or for the purpose of calculating an overcharge, but for the purpose of determining *70 whether the DHCR award has been satisfied (cf. East W. Renovating Co. v New York State Div. of Hous. & Community Renewal, 16 AD3d 166, 167 [2005]).
In view of the foregoing, we do not pass on such other issues as may be presented by the record, including specifically the question whether tenant is entitled to a credit for the payments that she made to the tenant’s association during the period in which her prior landlord had allegedly effectively abandoned the building.
Pesce, EJ., and Rips, J., concur; Golia, J., taking no part.