Matter of Rania Mesiskli, LLC v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 07435)





Matter of Rania Mesiskli, LLC v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 07435


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-01866
 (Index No. 700049/16)

[*1]In the Matter of Rania Mesiskli, LLC, petitioner-respondent, 
v
New York State Division of Housing and Community Renewal, appellant, et al., respondents-respondents.


Mark F. Palomino, New York, NY (Anita Shia of counsel), for appellant.



DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal dated November 3, 2015, the New York State Division of Housing and Community Renewal appeals from a judgment of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered January 10, 2017. The judgment, insofar as appealed from, granted that branch of the petition which was to annul the determination dated November 3, 2015.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the determination dated November 3, 2015, is confirmed, that branch of the petition which was to annul the determination dated November 3, 2015, is denied, and that portion of the proceeding is dismissed.
The petitioner is the owner of an apartment building located in Astoria, Queens (hereinafter the subject property). After an action was commenced to foreclose a mortgage on the subject property, a temporary receiver was appointed in 2010, inter alia, to collect rent from the tenants of the subject property. In April 2012, Nancy Fuentes (hereinafter the tenant) entered into a one-year lease with the temporary receiver to rent an apartment in the subject property. The rent on the apartment was stabilized pursuant to the Rent Stabilization Law of 1969 (RSL) (see Administrative Code of City of NY § 26-501 et seq.). The lease stated that the monthly rent was $1,000. In 2013, and again in 2014, the petitioner offered a renewal lease to the tenant setting forth rent of approximately $1,600 per month, based upon a prior legal rent of approximately $1,834, and a slightly increased new legal rent. The tenant did not execute either renewal lease, and in 2014, she filed a complaint with the New York State Division of Housing and Community Renewal (hereinafter the DHCR), asserting that the petitioner failed to abide by the rent stabilization regulations when it increased the monthly rent in the renewal leases.
In response, the petitioner asserted, among other things, that the temporary receiver had made a mistake, and that the monthly rent of $1,000 listed in the vacancy lease should have been listed as preferential rent. In a determination dated June 11, 2015, the Rent Administrator found that because the tenant's vacancy lease did not specify the rent of $1,000 as preferential rent, the petitioner was obligated to base future renewal lease offers to the tenant upon the monthly rent, as listed in the vacancy lease. The petitioner filed a petition for administrative review of the Rent [*2]Administrator's determination. In a determination dated November 3, 2015, the Deputy Commissioner of the DHCR denied the petition for administrative review and affirmed the Rent Administrator's determination.
Thereafter, the petitioner commenced this proceeding, inter alia, pursuant to CPLR article 78 to review the Deputy Commissioner's determination. The Supreme Court, among other things, granted that branch of the petition which was to annul the Deputy Commissioner's determination, and the DHCR appeals.
In reviewing the subject determination, the inquiry is limited to whether "there is a rational basis for the action in question or whether it is arbitrary and capricious" (Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144, 149; see CPLR 7803[3]; Matter of Peckham v Calogero, 12 NY3d 424, 431). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Peckham v Calogero, 12 NY3d at 431; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231).
In the present case, the Deputy Commissioner's determination was not arbitrary and capricious. Under the Rent Stabilization Code, "preferential rent" is defined as rent charged to and paid by a tenant that is less than the legal regulated rent (9 NYCRR 2521.2[a]). "Such legal regulated rent as well as preferential rent shall be set forth in the vacancy lease . . . pursuant to which the preferential rent is charged" (9 NYCRR 2521.2[b]). Generally, a renewal lease "shall be on the same terms and conditions as the expired lease" (9 NYCRR 2522.5[g][1]). However, "where the amount of rent charged to and paid by the tenant is less than the legal regulated rent for the housing accommodation, the amount of rent for such housing accommodation which may be charged upon renewal . . . thereof, may, at the option of the owner, be based upon such previously established legal regulated rent, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law" (RSL § 26-511[c][14] [emphasis added]).
Here, it is undisputed that the tenant's vacancy lease did not indicate that the monthly rent of $1,000 was preferential rent or set forth other legal regulated rent. Thus, the Deputy Commissioner's determination that $1,000 constituted the legal regulated rent, and that the petitioner was therefore required to base renewal leases offered to the tenant on that amount of rent, was rational (see Matter of 10th St. Assoc., LLC v New York State Div. of Hous. & Community Renewal, 110 AD3d 605; Matter of Coffina v New York State Div. of Hous. & Community Renewal, 61 AD3d 404). Further, the Deputy Commissioner did not act arbitrarily or capriciously in concluding that this was the case even though the vacancy lease was executed by the temporary receiver (see Matter of El-Kam Realty Co. v New York State Div. of Hous. & Community Renewal, 180 AD2d 412; see also 9 NYCRR 2520.6[i] [defining "owner" to include a court-appointed receiver]).
Accordingly, that branch of the petition which was to annul the determination dated November 3, 2015, should have been denied.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court