■ In the Matter of NORMAN NICK et al., Appellants, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent, and ROSE ASSOCIATES, INC., Intervenor-Respondent. [664 NYS2d 777] —Order and judgment (one paper), Supreme Court, New York County (Salvador Collazo, J.), entered May 14, 1997, which denied petitioners' application pursuant to CPLR article 78 challenging the order of deregulation dated February 7, 1995, and dismissed the petition, unanimously affirmed, without costs.

The order of deregulation pursuant to Administrative Code of the City of New York § 26-504.3, which provided for deregulation of high rent housing accommodations if the monthly rental exceeded $2,000 and total adjusted gross income of the occupants exceeded $250,000 in each of two preceding calendar years, was rationally based upon the administrative record and applicable law (*see, Fresh Meadows Assocs. v Conciliation & Appeals Bd.*, 88 Misc 2d 1003, *affd* 55 AD2d 559, *affd* 42 NY2d 925). The Administration Code provision specifically provides for deregulation of "housing accommodations" and is applicable to the subject two units since they were combined to form one integrated housing accommodation

and have an aggregate monthly rental in excess of the threshold amount (see, *Sharp v Melendez*, 139 AD2d 262, *lv denied* 73 NY2d 707). Since petitioners failed to timely submit a proper verification statement of their total adjusted gross income for the subject period, the Administrator was mandated to issue the deregulation order (Administrative Code § 26-504.3 [a], [c] [1]).

Nor does the law violate due process or equal protection. There is a strong presumption that a legislative enactment is constitutional, and petitioners failed to meet their burden of demonstrating invalidity (see, *Cook v City of Binghamton*, 48 NY2d 323, 330). The practice does not violate due process since petitioners were afforded "reasonable notice and reasonable opportunity to be heard" (*Dohany v Rogers*, 281 US 362, 369) and there is no denial of equal protection since the Administration Code provision was reasonably related to the legislative scheme underlying rent regulations (see, *Montgomery v Daniels*, 38 NY2d 41). Concur—Ellerin, J. P., Wallach, Nardelli and Mazzarelli, JJ.