■ In the Matter of WILLIAM Q. DOWLING et al., Respondents, v JOSEPH H. HOLLAND et al., Appellants. [666 NYS2d 585] —Order and judgment (one paper), Supreme Court, New York County (Elliott Wilk, J.), entered on or about December 6, 1996, which granted the CPLR article 78 petition seeking an order, *inter alia*, directing respondent Division of Housing and Community Renewal (DHCR) to render a determination on petitioners' petition for administrative review and vacatur of DHCR's order of deregulation, to the extent of remanding respondent-owner's petition for high income rent deregulation to DHCR for a new hearing, and denied respondents' cross motions to dismiss the petition, unanimously reversed, on the law, without costs, respondents' cross motions are granted and the petition dismissed.

In May 1994, respondent Katz 737 Corp. (owner) filed a petition for high income rent deregulation with respondent DHCR regarding petitioners-tenants' apartment located at 737 Park Avenue. The Rent Stabilization Law (RSL) permits deregulation of apartments with a legally regulated rent of $2,000 or more per month as of October 1, 1993, and whose tenants and occupants have a total annual income in excess of $250,000 for each of the preceding two calendar years (RSL [Administrative Code of City of NY] §§ 26-504.1—26-504.3).* On August 4, 1994, DHCR mailed the tenants a form requesting both an answer to the owner's petition, and certification from the tenants that their total incomes for 1992 and 1993 did not exceed the $250,000 statutory threshold. Although the form sent by DHCR included a notice, in bold print, that tenants' failure to respond within 60 days would result in the issuance of a deregulation order, tenants did not respond to this notice.

* The monthly rent on petitioners' rent stabilized lease was $3,068.02.

On February 3, 1995, DHCR's Rent Administrator issued an order of deregulation concerning the tenants' apartment, to be effective as of the expiration of the current lease. The order also included a notice advising tenants of their right to file a petition for administrative review (PAR), and stating that any PAR must be delivered or mailed to DHCR "no later than 35 days after the order was issued." Pursuant to the Rent Stabilization Law, the deregulation order was mailed both by regular and certified mail, return receipt requested (RSL § 26-504.3 [c] [3]). A return receipt was signed on February 6, 1995.

Tenants missed the 35-day deadline and did not contact DHCR until February 15, 1996, over one year later, when their attorney wrote a letter requesting reconsideration of the deregulation order. On the same date, tenants filed an untimely PAR. In support of both, tenants offered tax documentation purportedly demonstrating that their income was less than $250,000 for 1992 and 1993. They also claimed that they had not received the petition and request for income certification sent by DHCR because they had been abroad for much of 1994 and 1995. However, tenants did not deny receiving the deregulation order and gave no explanation why their PAR was untimely. DHCR denied the request for reconsideration in March 1996, and the PAR on August 1, 1996, the latter on the ground that it was untimely filed.

Tenants commenced this article 78 proceeding in June 1996, and filed an amended petition in August 1996, again alleging non-receipt of the petition, but now adding the allegation that they had not received the deregulation order. Accordingly, they claimed that the denial of their PAR was arbitrary and capricious since they had never received notice of the deregulation proceedings and their incomes did not meet the statutory threshold. In their reply papers, tenants alleged, again for the first time, that the return receipt was signed by the doorman of their building, who on previous occasions had accepted mail on their behalf that was subsequently lost. Tenants further asserted that they were away from New York for some but not all of the 35-day period after the order was issued. The owner and DHCR filed cross petitions to dismiss the proceeding arguing, *inter alia*, that the PAR was properly denied as untimely, and that the petition failed to state a cause of action because tenants failed to exhaust their administrative remedies by failing to obtain timely administrative review.

The IAS Court found that receipt of the deregulation order (and the 35-day notice to commence a PAR) by the doorman did not establish notice to the tenants, which "fundamental

fairness" required. According to the court, the lack of notice made it impossible for tenants to exhaust their administrative remedies. Addressing the merits of the PAR, the court ruled that the financial information submitted by the tenants, the lack of notice of the 35-day period to file a PAR and the disproportionate penalty required that the petition be remanded for a ruling by DHCR on the merits. We reverse.

The tenants' PAR, filed over one year after the deregulation order was issued, was properly dismissed as untimely. The Rent Stabilization Code (RSC) unambiguously provides: "A PAR against an order of a Rent Administrator must be filed in person or by mail with the DHCR within 35 days after the date such order is issued." (RSC [9 NYCRR] § 2529.2.) The 35-day time limit has been strictly enforced (*Matter of Windsor Place Corp. v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 161 AD2d 279, 280; *Matter of Kaplen v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 131 AD2d 483; *see also, Matter of Lipes v State of N. Y., Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 174 AD2d 571), and we find DHCR's interpretation of its own regulation to be neither arbitrary nor irrational (*see, supra; Rusty Realty Assocs. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 161 AD2d 207, 209, *lv denied* 76 NY2d 711). Moreover, the untimely filing of a PAR constitutes a failure to exhaust administrative remedies and justifies dismissal of a subsequent article 78 proceeding (*see, Matter of Ponds v New York State Div. of Hous. & Community Renewal*, 191 AD2d 153, *lv denied* 82 NY2d 657; *Woodner Co. v Higgins*, 179 AD2d 444, 444-445, *lv denied* 80 NY2d 756).

Tenants' denial of receipt of the deregulation order is insufficient to overcome the presumption of receipt established by DHCR's evidence, consisting of affidavits of its employees concerning its routine mailing practices (*see, Woodner Co. v Higgins, supra; Stone v Goldberg*, 215 AD2d 180; *Matter of Black Realty Co. v State Div. of Hous. & Community Renewal*, 201 AD2d 432, 432-433). Nor was this presumption rebutted by tenants' claim that the doorman of their building received, but failed to deliver, their mail (*see, duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797-798; *Rosenman Colin Freund Lewis & Cohen v Edelman*, 165 AD2d 706, 707; CPLR 308 [2]; *but see, McCormack v Goldstein*, 204 AD2d 121, 122, *lv denied* 85 NY2d 801). This argument is undermined by tenants' failure to raise it during the administrative proceedings, their position that they did not receive *any* of the certified or regular mailings from DHCR and their sketchy assertions regarding

their absences during the 35-day period. Tenants' failure to rebut the presumption of receipt requires dismissal of the article 78 proceeding (*Woodner Co. v Higgins, supra*).

We decline to review tenants' constitutional arguments, which are improperly raised for the first time on appeal (*see, Matter of Dormitory Auth. [Davis]*, 223 AD2d 431, *lv denied* 88 NY2d 811). Were we to review them, we would find that the notice and default provisions in DHCR's regulations satisfy constitutional due process standards (*see, Matter of Beckman v Greentree Sec.*, 87 NY2d 566, 570; *Allerton Coops Tenants Assn. v Biderman*, 189 AD2d 249, 253-254; *see also, Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314). Concur— Wallach, J. P., Nardelli, Tom, Mazzarelli and Colabella, JJ.