OPINION OF THE COURT
Eileen Bransten, J.
Petitioner Julie Seymour brings this CPLR article 78 peti *997 tion to annul a determination of the respondent New York State Division of Housing and Community Renewal (DHCR) which deregulated petitioner’s apartment pursuant to the luxury deregulation provisions of the Rent Regulation Reform Act of 1993 (L 1993, ch 253). The proceeding also seeks a declaration that the default procedure employed by DHCR is unconstitutional. DHCR cross-moves to dismiss the petition.
The facts of this case are undisputed. Ms. Seymour, a single working parent, resides with her infant daughter at 219 West 86th Street, New York, New York, which is subject to the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) and Rent Stabilization Code (9 NYCRR parts 2520-2530). In January 1995, Ms. Seymour received an income certification form (ICF) signed by the managing agent of the subject property. At the time, Ms. Seymour was part of a group of tenants involved in litigation with the landlord, and on advice of counsel, she did not return the ICF. Subsequently, the owner commenced proceedings which resulted in Ms. Seymour receiving an “Answer to Petition and Notice to Tenant to Provide Information for Verification of Household Income.” Ms. Seymour filled out the form, but inadvertently failed to return it to DHCR. Ms. Seymour’s income, as shown in her tax returns, was well below the statutory amount for deregulation.
On December 21, 1995, DHCR issued a default deregulation order. Ms. Seymour filed a petition for administrative review (PAR) on January 24, 1996, and a request for reconsideration of the order on April 17, 1996, attaching copies of 1993 and 1994 New York State income tax returns for both herself and her daughter. The request for reconsideration was denied by letter dated May 14, 1996, on the ground that “there was no irregularity in any vital matter in this proceeding.” The PAR was denied on July 23, 1997. The Commissioner based his refusal to consider petitioner’s evidence regarding her income on the fact that the notice form clearly advised her that if she did not submit the required proof within the time allotted, her apartment would be deregulated. The Commissioner concluded that “[bjecause of the plain and clear nature of these warnings, the Commissioner is of the opinion that the tenant’s explanation is insufficient as a matter of law. Inadvertent neglect does not excuse the tenant’s failure to file an Answer.” This proceeding ensued.
The Rent Regulation Reform Act of 1993 (L 1993, ch 253, §§ 6, 7; Administrative Code §§ 26-504.1, 26-504.2, 26-504.3 [Reform Act]) provides for deregulation of high-rent accom *998 modations upon vacancy or when occupied by high-income tenants. It affects apartments covered under the Rent Stabilization Law of 1969, the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4), the Local Emergency Housing Rent Control Law (L 1962, ch 21) and the Emergency Housing Rent Control Law (L 1946, ch 274). The law provides that housing accommodations which rent for $2,000 per month or more, as of October 1, 1993, are subject to deregulation when occupied by persons whose total income exceeds $250,000 in each of the two calendar years which precede the landlord’s petition for a determination as to whether the accommodation qualifies for deregulation. (Administrative Code §§ 26-504.1—26-504.3.)
The Reform Act requires that an owner seeking deregulation serve an ICE on the tenant(s), and that the tenant(s) certify whether the total annual income of all occupants of the apartment is in excess of $250,000 in each of the preceding two years. The ICE must be returned to the owner within 30 days of service. (Administrative Code § 26-504.3 [b].)
If, as occurred here, the ICE is not returned to the owner, the owner may petition the DHCR to verify the income of the occupants. (Administrative Code § 26-504.3 [c] [1].) The DHCR must notify the tenant(s) to provide DHCR with the necessary rent and income verification by mailing a form entitled “Answer to Petition and Notice to Tenant to Provide Information for Verification of Household Income.” Section 26-504.3 (c) (1) further provides, in relevant part, that: “The division’s notification shall require the tenant or tenants to provide the information to the division within sixty days of service upon such tenant or tenants and shall include a warning in bold faced type that failure to respond will result in an order being issued by the division providing that such housing accommodation shall not be subject to the provisions of this law.” The statute further provides that: “3. In the event the tenant or tenants fail to provide the information required pursuant to paragraph one of this subdivision, the division shall issue, on or before December first of such year, an order providing that such housing accommodation shall not be subject to the provisions of this law upon the expiration of the current lease. A copy of such order shall be mailed by regular and certified mail, return receipt requested, to the tenant or tenants and a copy thereof shall be sent to the owner.”
There is no question that Ms. Seymour failed to provide the required information, and therefore the initial order of deregulation was proper. The issue before the court is whether *999 DHCR’s subsequent refusal to reconsider the deregulation order was improper, after it received uncontroverted evidence that Ms. Seymour’s income, together with that of her 10-year-old daughter, fell far below the $250,000 threshold for deregulation.
It is well settled that an agency’s determination should not be disturbed where the determination is found to be rationally based on the law and the administrative record. (Matter of County of Monroe v Kaladjian, 83 NY2d 185, 189 [1994].) However, it is equally true that a statute should be construed to effectuate the intent of the Legislature. (Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345 [1982].) In fact, section 2520.3 of the Rent Stabilization Code specifically provides that: “This Code shall be construed so as to carry out the intent of the Rent Stabilization Law to ensure that such statute shall not be subverted or rendered ineffective, directly or indirectly, and to prevent the exaction of unjust, unreasonable and oppressive rents”. Thus, in construing the deregulation statute, it is necessary to bear in mind that deregulation was intended to affect only those tenants whose incomes exceeded $250,000 per year for two consecutive years. The statute is not intended to set forth immutable schedules. In fact, DHCR does not abide by the schedule set forth in the statute for its own determinations, as evidenced by its failure to issue the order of deregulation by December 1, as provided by section 26-504.3 (c) (3).
While DHCR contends that it has no discretion regarding issuing a deregulation order if the income verification is not provided on time, the statute does not remove all discretion from the DHCR. In fact, according to the language of the statute, only the complete failure to provide the information required leads to deregulation, not the failure to provide the information within 60 days. Therefore, although the DHCR was justified in issuing its initial order of deregulation due to Ms. Seymour’s failure to provide the required information, once Ms. Seymour supplied the missing information, which shows clearly that her income is well under half of the $250,000 set forth in the statute, the Administrator had the power to reconsider the order in light of the new information, and to vacate the default. In view of the strong policy of considering issues on the merits (see, Matter of Crawford v Perales, 205 AD2d 307 [1st Dept 1994]), and the clear intent of the Legislature not to deregulate apartments of people in Ms. Seymour’s income bracket, the DHCR should have addressed the *1000 issue of vacating the default when Ms. Seymour promptly submitted undisputed evidence of her income and requested reconsideration after receiving the notice of deregulation.
DHCR relies on three recent Appellate Division, First Department, cases which denied the petitioners’ reconsideration of a deregulation order. All of these cases are distinguishable from the case at bar.
In Matter of Nick v State of N Y. Div. of Hous. & Community Renewal (244 AD2d 299 [1st Dept 1997]), the Appellate Division found that the two units occupied by the tenants could be considered as one for the purpose of reaching the $2,000 per month rent, since the two units were combined into one housing accommodation. The Appellate Division also found that the Administrator was mandated to issue the deregulation order for the tenants’ failure to timely submit a proper verification statement of their total adjusted gross income for the time period. The record on appeal demonstrates that the tenants never provided the required information. Therefore, the Appellate Division did not reach the question of whether the Administrator would have been required to take such information into account on a request for reconsideration had it been provided. Accordingly, the question presented in this case was not before the Appellate Division in Nick.
Similarly, in Matter of Bazbaz v State of N. Y. Div. of Hous. & Community Renewal (246 AD2d 388 [1st Dept 1998]), the Appellate Division did not address the issue of reconsideration of the determination, but only the initial determination by DHCR. The decision of the First Department in Matter of Dowling v Holland (245 AD2d 167 [1st Dept 1997]) is similarly not controlling. That case involved a petitioner who did not seek review of the DHCR deregulation order until more than a year after the order was issued. Here, however, Ms. Seymour’s request for reconsideration and PAR review were made promptly.
This case more closely resembles Matter of Sudarsky v New York State Div. of Hous. & Community Renewal (NYLJ, Oct. 15, 1997, at 26, col 2), in which the court stated:
“The instant action represents another proceeding in which DHCR has made a determination to deregulate an apartment on the grounds that the tenants’ income exceeds $250,000; such determination being made on the basis of the tenants’ default, despite the lack of any evidence to support the finding *1001 and in the face of overwhelming evidence contradicting the finding * * *
“The DHCR determination that the tenants’ combined income exceeds $250,000 is clearly arbitrary and capricious in that it failed to address the issues of excusable default. When a party defaults and seeks to have that default vacated, or claims that the default was justified, that issue must be addressed by DHCR. Simply denying a PAR on the grounds of default before the lower DHCR tribunal, where the default is contested, without even considering the issues thereby raised, is arbitrary and capricious.”
The facts here are even more compelling than Sudar sky (supra), since DHCR failed to address the issue of excusable default, despite the fact that the evidence of income was before the Administrator in the request for reconsideration. Thus," this is not a situation where the tenant is seeking to present new evidence before the PAR, which is generally not permitted. (See, Matter of 60 Gramercy Park Co. v State of N. Y. Div. of Hous. & Community Renewal, 188 AD2d 371 [1st Dept 1992].) Rather, in the reconsideration, the Administrator refused to consider evidence which clearly demonstrated that Ms. Seymour’s income was substantially below the level of those upon whom deregulation was intended to focus. DHCR cannot avoid dealing with the evidence before it under a guise of not having the authority to act, without abdicating its obligation to ensure that the statute is construed in such a way as to carry out the intent of the Legislature.* DHCR’s decision that it could not vacate the default as a matter of law was arbitrary and capricious.
Ms. Seymour’s claim that the deregulation order was invalid because it was issued after.December 1, 1995 is not compelling. While section 26-504.3 calls for the agency to issue an order of deregulation by December 1 of the year during which deregulation was sought, this time limitation is merely directory and does not divest the DHCR from the right or obligation to act. (See, Berlet v New York State Div. of Hous. & Community Renewal, NYLJ, Nov. 26, 1997, at 30, col 3.) Therefore, the fact that the agency issued the deregulation order after December 1st does not render the order invalid.
*1002 Ms. Seymour also objects to the deregulation on constitutional grounds, claiming that section 26-504.3 is unconstitutional on its face and as applied. She contends that she is being deprived of a property interest without due process of law.
Ms. Seymour’s constitutional challenge cannot stand. The deregulation law provides for notice, and adequately apprises tenants of the consequences of default, sufficient to pass constitutional muster. (See, Matter of Dowling v Holland, 245 AD2d 167 [1st Dept 1997], supra.)
Accordingly, it is hereby ordered that the petition is granted only to the extent that the matter is referred back to DHCR for reconsideration as herein set forth; and it is further ordered that the cross motion by respondent DHCR is denied.

 The Legislature surely did not intend, as the petitioner fears, for the administration of the Reform Act to “reach [ ] the point where a single working mother can be evicted from her home because in her struggle to hold down a job and care for her child she forgets to mail back a form?”