■ RONALD PLEDGE et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appellant, and LANGHAM MANSIONS Co., Intervenor-Appellant-Respondent. [683 NYS2d 76] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered May 15, 1998, which, to the extent appealed from as limited by the briefs, granted petitioners' motion for reargument and, upon reargument, granted their petition pursuant to CPLR article 78, vacated the determination of appellant Division of Housing and Community Renewal (DHCR) denying their Petition for Administrative Review, directed DHCR to verify petitioners' income for the years 1992 and 1993, and vacated an award of summary judgment to respondent landlord on its counterclaims for ejectment and use and occupancy, unanimously reversed, on the law, without costs, the determination of respondent agency reinstated and respondent landlord granted summary judgment on its counterclaims for ejectment and use and oc-

cupancy. Appeal from order, same court and Justice, entered November 7, 1997, unanimously dismissed, without costs, as subsumed in the appeal from the order entered May 15, 1998.

Respondent landlord is the owner of an apartment building located at 135 Central Park West in the City and County of New York. Petitioner Robert Pledge is the tenant of record of apartment 10NC pursuant to a rent stabilized lease. Petitioner Ronald Pledge is Robert's son. In early 1994, the landlord demanded that petitioners certify on an income certification form that their "household income", as defined in section 26-504.3 of the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4), did not exceed $250,000 for the years 1992 and 1993 (Rent Regulation Reform Act of 1993 [L 1993, ch 253, § 6]). There was no response to the landlord's demand for income certification.

In June 1994, the landlord petitioned DHCR for deregulation of the subject apartment based upon the failure to respond to its income certification demand. On or about August 4, 1994, DHCR mailed a copy of the 1994 deregulation petition and a form to answer the petition ("Answer to Petition and Notice to Tenant to Provide Information for Verification of Household Income"), containing the warning that failure to answer within 60 days would result in an order of deregulation. Again, there was no response and, on January 31, 1995, the Rent Administrator issued an order deregulating the premises, effective with the expiration of the existing lease on September 30, 1995.

In early March, Robert Pledge and his son filed a timely Petition for Administrative Review (PAR) of the deregulation order. The petition asserts, in material part, that the income received by the occupants did not exceed $250,000 in either 1992 or 1993 and that Robert Pledge was in France "almost the entire time from April 6, 1994 to October 11, 1994". The landlord took the position that there had been a default on the part of petitioners for which they had advanced no valid excuse. The administrative proceeding culminated in a determination dated August 15, 1996, which denied the petition on the ground that the proffered excuse was insufficient to justify the tenant's default. Therefore the agency did not verify the household income for the years in question.

Meanwhile, at some time during 1995, the landlord brought a second deregulation petition based upon household income for the years 1993 and 1994. This petition resulted in a determination that household income for persons residing at the premises, as indicated by tax returns on file with the New York State Department of Taxation and Finance, did not exceed $250,000 for one or both of the subject years.

In October 1996, the underlying article 78 proceeding was commenced seeking to annul the August 15, 1996 decision and to remand the matter to DHCR for further proceedings. In a decision dated June 26, 1997, Supreme Court dismissed the petition on the ground that there was a rational basis for the agency's determination. On a motion to renew, denominated a motion to renew and reargue, Robert Pledge and his son noted that the landlord's 1995 petition had resulted in a finding that their household income for 1993 and 1994 was below the statutory threshold for deregulation. Petitioners further asserted that the landlord possessed all the pertinent tax and income information for 1992. In a decision entered November 7, 1997, the court granted the renewal motion, annulling the denial of petitioners' PAR and remanding the matter to DHCR.

In December 1997, the landlord moved for reargument, in which DHCR joined, predicated upon this Court's decisions in *Nick v State of N. Y. Div. of Hous. & Community Renewal* (244 AD2d 299) and *Bazbaz v State of N. Y. Div. of Hous. & Community Renewal* (246 AD2d 388). Respondents argued, as they do on appeal, that these rulings require reversal of the decision as a matter of law.

In a related action, petitioners sought to enjoin the landlord from commencing any action or proceeding to recover possession of the apartment based on the deregulation order. The landlord interposed counterclaims for ejectment, use and occupancy for the holdover period and attorneys' fees. In an order filed July 1, 1997, Supreme Court granted summary judgment on the counterclaims. By order to show cause dated November 20, 1997, petitioners moved to vacate this order based upon the court's disposition of the article 78 proceeding.

In the order subject to review, Supreme Court vacated DHCR's denial of the PAR by which petitioners sought to overturn the order of deregulation and directed the agency to verify petitioners' household income for the years 1992 and 1993. With respect to the related action, the court denied immediate possession of the premises to the landlord, directing the tenant to pay outstanding rent and to continue to pay use and occupancy at the monthly rate specified in the expired lease. The order recites that it supersedes other orders entered in both the article 78 proceeding and the related injunction action.

As the parties recognize, this Court has construed the Rent Stabilization Law to require deregulation of a stabilized apartment where the tenant fails to supply the requisite certification of household income within the 60-day period provided by the statute (Administrative Code § 26-504.3 [c] [1], [3]; *Nick v*

*State of N. Y. Div. of Hous. & Community Renewal, supra; Bazbaz v State of N. Y. Div. of Hous. & Community Renewal, supra*). The statutory direction to the agency to issue an order deregulating the subject premises is mandatory and explicit (*Brusco v Braun*, 84 NY2d 674, 680, *affg* 199 AD2d 27; *see also, Mennella v Lopez-Torres*, 91 NY2d 474, 478-479). Furthermore, the tenant's excuse for failing to timely comply with the request for income verification is plainly "inadequate", and Supreme Court correctly characterized it as such. As the tenant conceded, he was not absent during the entire period during which first the landlord and then DHCR requested that he verify household income. In addition, his adult son, who the tenant asserts is a signatory to the renewal lease, does not dispute his presence in the apartment during this time period. As to the court's reasoning that the result constitutes a forfeiture, it is settled that the Legislature may withdraw housing units from the regulatory scheme and that, in so doing, no vested property right is abrogated (*Gauthier v Gabel*, 44 Misc 2d 887, 892, *affd* 16 NY2d 720). Concur—Rosenberger, J. P., Wallach, Rubin and Saxe, JJ.