■ In the Matter of Michael Elkin et al., Respondents, v Paul Roldan et al., Appellants. [688 NYS2d 61] —Order, Supreme Court, New York County (William Wetzel, J.), entered August 18, 1997, which, in this CPLR article 78 proceeding, annulled respondent Division of Housing and Community Renewal's (DHCR) order deregulating petitioners' rent stabilized apartment, remanded the matter to DHCR for a determination of landlord's deregulation petition and deemed tenant's response timely, unanimously affirmed, without costs.

Petitioners are tenants of a rent stabilized apartment in a building located at 220 East 72nd Street, in Manhattan. Respondent 220 East 72nd Street Co. is the landlord. On March 23, 1995, landlord commenced the process of seeking high

income deregulation of petitioners' apartment by serving them with an Income Certification Form (ICF). The Rent Regulation and Reform Act of 1993 (L 1993, ch 253, § 6; Administrative Code of City of NY §§ 26-504.1—26-504.3 [RRRA]) provides for deregulation of housing accommodations with a legally regulated rent of $2,000 or more per month, and whose tenants and occupants have a total annual income in excess of $250,000 for each of the two preceding calendar years.[1] Petitioners returned the completed ICF within the required period, indicating that their combined incomes for the two preceding years, 1994 and 1993, did not exceed $250,000 (Administrative Code § 26-504.3 [b]).[2]

Nonetheless, in June 1995 landlord filed a Petition for High Income Deregulation with respondent New York State Division of Housing and Community Renewal, seeking verification of petitioners' income (Administrative Code § 26-504.3 [c] [1]). On August 21, 1995, DHCR mailed petitioners a form entitled "Answer to Petition and Notice to Tenant to Provide Information for Verification of Household Income" (Verification Notice) which, as required by RRRA, included a notice in bold type stating: "Your failure to answer within 60 days of the mailing of this Notice will result in the issuance by DHCR of an order deregulating your housing accommodation" (Administrative Code § 26-504.3 [c] [1]). Petitioners mailed duplicate copies of their Verification Notice to DHCR, which were postmarked October 31, 1995, 10 days after the expiration of the 60-day period.

On September 12, 1996, more than 10 months after DHCR had received the Verification Notice, the Rent Administrator issued an order deregulating petitioners' apartment for failure to return the completed Verification Notice within the 60-day period. Petitioners filed a Petition for Administrative Review (PAR) on September 30, 1996, which included an affidavit from petitioner Michael Elkin's office manager stating that she "believed" she mailed the Verification Notice on October 17, 1995, 3 days prior to the expiration of the 60-day period. Petitioners' PAR was denied on April 22, 1997, based on their failure to return the Verification Notice in a timely manner.

---

1. Although not applicable to this appeal, RRRA was amended in 1997 to reduce the annual income threshold to $175,000 (L 1997, ch 116, § 14, amending Administrative Code § 26-504.1).

2. It should be noted that the landlord has initiated deregulation proceedings each and every year since RRRA was adopted. Each petition, other than the instant one, has been denied on the grounds that the tenants' income did not meet the statutory threshold. Petitioners claim that their combined income has been well below the threshold each time.

The Commissioner, relying on the "clear" warning in the 60-day notice, and the fact that the Verification Notice mailed by the tenants was postmarked several days after the 60-day period expired, upheld the deregulation order.

Petitioners commenced the instant article 78 proceeding. By order dated August 18, 1997, the IAS Court granted the petition to the extent of annulling the deregulation order, deeming petitioners' Verification Notice timely and remanding to DHCR for consideration of the landlord's deregulation petition on the merits. The court found that an "excusable default" had occurred since petitioners' response was only 10 days late apparently due to "inadvertence", since their tax returns and previously submitted ICF showed that their income was below the statutory threshold and no party was prejudiced because the agency had not rendered a determination at the time of filing. Landlord's motion for reargument based on recent decisions of this Court was denied on the ground that they were factually distinguishable.

Although this Court has interpreted the Rent Stabilization Law as mandating deregulation of rent stabilized apartments where the tenant fails to supply the requisite information regarding household income within the statutory period (Administrative Code § 26-504.3 [c] [1], [3]; *Matter of Sudarsky v State of N. Y. Div. of Hous. & Community Renewal*, 258 AD2d 405; *Pledge v New York State Div. of Hous. & Community Renewal*, 257 AD2d 391; *Matter of Bazbaz v State of N. Y. Div. of Hous. & Community Renewal*, 246 AD2d 388; *Matter of Nick v State of N. Y. Div. of Hous. & Community Renewal*, 244 AD2d 299), in each of these cases the tenant *never* submitted the Verification Notice to DHCR during the initial level of administrative proceedings. Thus, in the absence of the required information from the tenant, DHCR had no choice but to order deregulation.

Although petitioners in this case missed the statutory deadline by 10 days, they did, unlike the petitioners in our prior decisions, submit the required information to DHCR *before* the deregulation order was issued. In fact, DHCR was in possession of petitioners' Verification Notice, indicating that their income was below the statutory threshold, for more than *10 months* prior to issuance of the deregulation order. Nonetheless, despite the minimal delay and its possession of the required information needed to process the deregulation petition on the merits, DHCR discontinued the process of seeking verification of petitioners' income and invoked the default mechanism in the statute. Although both respondents urge

that DHCR was statutorily mandated to take this course, we disagree. We do not believe that the deregulation statute proscribes DHCR from considering a tenant's excusable default at the initial administrative level (*see, Seymour v State of N. Y. Div. of Hous. & Community Renewal*, 175 Misc 2d 996, 999-1000 [Sup Ct, NY County 1998] [DHCR had power to reconsider and vacate tenant's default where tenant submitted required information on request for reconsideration]; *see also, Matter of Sudarsky v State of N. Y. Div. of Hous. & Community Renewal, supra*, at 408 [stating that tenant's excuse for untimely return of verification notice was invalid, but suggesting, citing *Seymour (supra)* that valid excuse at administrative level might warrant reconsideration]). Our prior decisions, despite their broad language, have not addressed this specific issue.

Moreover, the statute may be read in a manner that does not require deregulation under these circumstances. Subdivision (c) (3) of section 26-504.3, relating to the consequences of a tenant's failure to return the Verification Notice, mandates deregulation only where "the tenant or tenants *fail to provide the information required* pursuant to paragraph one of this subdivision" (emphasis added). This language suggests that only a complete failure to return the Verification Notice, not an untimely return, will result in automatic deregulation (*Seymour v State of N. Y. Div. of Hous. & Community Renewal, supra*, at 999). Such language may be contrasted with that used in subdivision (c) (1) of the same section, pertaining to a tenant's return of the ICF, which states: "In the event that the tenant or tenants either fail to return the completed certification to the owner *on or before the date required by subdivision (b) of this section*". That the legislative drafters used language requiring the return of the ICF within a specified period, but omitted such language with respect to the Verification Notice, is persuasive evidence that an inflexible deadline with respect to the latter was not intended (*see, Seymour v State of N. Y. Div. of Hous. & Community Renewal, supra*, at 999).[3] Further, there is a logical basis for such distinction, as the failure to timely return an ICF merely authorizes the landlord to continue the deregulation process by filing a petition, while the failure to return the Verification Notice could result in far more draconian consequences, namely, a deregulation order.

DHCR's selective application of the time periods in the

---

**3.** While subdivision (c) (1) requires that DHCR provide a *warning* in bold type that the failure to return the Verification Notice within 60 days will result in DHCR issuing a deregulation order, it does not expressly require deregulation.

deregulation statute also undermines its position here. Upon the filing of a deregulation petition by an owner, DHCR is required to send the tenant a Verification Notice, *within 20 days* (Administrative Code § 26-504.3 [c] [1]). However, in this case, DHCR failed to comply with this deadline and took almost two months to notify petitioners of the landlord's petition. Additionally, when a tenant fails to return the Verification Notice, as DHCR claims occurred here, the statute provides that "[DHCR] shall issue, on or before December first of such year" an order deregulating the apartment (Administrative Code § 26-504.3 [c] [3]). As previously noted, DHCR did not issue a deregulation order until 10 months after receipt of petitioners' Verification Notice, and 9 months past the time required by the statute (December 1, 1995). Despite the mandatory language of these provisions, DHCR apparently considers the deadlines as merely advisory, and there is authority supporting this view (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 172). Nevertheless, given that the filing deadlines imposed on the tenants are couched in similar language, and DHCR is authorized by the Emergency Tenant Protection Regulations and the Rent Stabilization Code to accept late filings, upon a showing of good cause (*see,* Emergency Tenant Protection Regulations [9 NYCRR] § 2507.5 [d]); Rent Stabilization Code [9 NYCRR] § 2527.5 [d]), DHCR's position that it is statutorily proscribed from accepting an untimely Verification Notice cannot be sustained.

Because the deregulation order in this case was based on DHCR's erroneous conclusion that late filings could not be accepted, we annul that order. Furthermore, we agree with the IAS Court that DHCR's refusal to accept petitioners' late filing was arbitrary and capricious in these circumstances. There was only a minimal delay, apparently from office failure, a meritorious defense to the petition, and no prejudice to either the landlord or DHCR. Accordingly, we affirm and remand to DHCR for a determination on landlord's deregulation petition on the merits, with petitioners' Verification Notice being deemed timely. Concur—Ellerin, P. J., Wallach, Mazzarelli and Andrias, JJ.