■ In the Matter of Leona Dworman, Appellant, v New York State Division of Housing and Community Renewal, Respondent, and 40 Central Park South, Inc., Intervenor-Respondent. [689 NYS2d 484] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered May 6, 1998, which dismissed tenant's petition seeking to annul the high income luxury deregulation order of the Division of Housing and Community Renewal (DHCR) issued October 23, 1997, unanimously reversed, on the law and the facts, without costs, the petition reinstated and the matter remanded to DHCR for determination on the merits.

This matter, which involves those provisions of the Rent Regulation and Reform Act of 1993 codified at Administrative Code of the City of New York §§ 26-504.1—26-504.3, i.e., the procedure for seeking deregulation of a rent-stabilized apartment where the rent is $2,000 or more per month and, at the time the proceedings in question were commenced, where the tenant/occupant had a total annual income in excess of $250,000 for each of the two preceding years, is factually similar to our recent decision in *Matter of Elkin v Roldan* (260 AD2d 197). In *Elkin,* we drew a factual distinction between our decisions wherein the tenant never responded to DHCR's notice for verification of household income during the initial level of administrative proceedings, and those where the tenant submitted verification, albeit beyond the statutory 60-day response period (Administrative Code of City of NY § 26-504.3 [c] [1]), but prior to DHCR's issuance of a deregulation order. We held, *inter alia,* that the statutory language does not mandate that a failure to submit the verification within the statutory time period must result in deregulation of the premises by

default, especially where such default is excusable and occurs at the initial administrative level, that to deregulate the premises based on petitioners' late filing would be arbitrary and capricious where the delay was minimal, their defense meritorious, and there was no prejudice to the landlord and DHCR, and that the agency should proceed to make the determination on the merits.

Accordingly, here, as in *Elkin*, where the petitioner-tenant timely replied to the landlord's Income Certification Form, answered the DHCR Verification Notice a mere 11 days late but months before DHCR's determination, where the household income was verified as being below the statutory threshold, and where the landlord and DHCR suffered no prejudice from the brief delay, we find that this matter should be determined on the merits. Concur—Williams, J. P., Tom, Wallach and Mazzarelli, JJ.