■ In the Matter of JULIE SEYMOUR, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [689 NYS2d 499] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 10, 1998, which, in a CPLR article 78 proceeding challenging respondent Division of Housing and Community Renewal's (DHCR) luxury deregulation of petitioner tenant's apartment, insofar as appealed from, ruled that DHCR had the authority to consider income verification information submitted by the tenant more than 60 days after DHCR's request therefor, and remanded to DHCR in order for it to consider such information, unanimously affirmed, without costs.

Although the tenant failed to provide the income verification information DHCR had requested within 60 days of DHCR's request (see, Administrative Code of City of NY § 26-504.3 [c] [1]), she did provide such information shortly after the deregulation order was issued when she requested the Rent Administrator to reconsider that order. The decision not to reconsider the deregulation order at this initial administrative level was arbitrary and capricious given the tenant's compelling proof of household income well below the then statutory threshold of $250,000 (see, Matter of Elkin v Roldan, 260 AD2d 197). The prior cases of this Court to the effect that deregulation is mandated by a tenant's failure to provide income verification information within the statutory 60-day period (Matter of Londin v New York State Div. of Hous. & Community Renewal, 259 AD2d 398; Matter of Sudarsky v New York State Div. of Hous. & Community Renewal, 258 AD2d 405; Pledge v New York State Div. of Hous. & Community Renewal, 257 AD2d 391; Matter of Bazbaz v State of N. Y. Div. of Hous. & Community Renewal, 246 AD2d 388; Matter of Nick v State of N. Y. Div. of Hous. & Community Renewal, 244 AD2d 299) are distinguishable, in that "in each of these cases the tenant never submitted the Verification Notice to DHCR during the initial level of administrative proceedings" (Matter of Elkin v Roldan, supra, at 199 [emphasis in original]). Concur—Rosenberger, J. P., Nardelli, Lerner, Saxe and Friedman, JJ. [See, 175 Misc 2d 996.]