■ In the Matter of HOWARD SHAPIRO, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and 40 CENTRAL PARK SOUTH, INC., Intervenor-Appellant. [690 NYS2d 583] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered on or about April 22, 1998, which, in a CPLR article 78 proceeding challenging respondent Division of Housing and Community Renewal's (DHCR) luxury deregulation of petitioner tenant's apartment for petitioner's failure timely to serve an answer to the petition for deregulation, annulled the deregulation of petitioner's apartment and remitted the matter to DHCR for further proceedings, unanimously affirmed, without costs.

Petitioner tenant timely responded to the first Income Certification Form and, in response to the landlord's petition to deregulate the apartment, asserted that his household income fell below the statutory threshold, submitting a copy of his tax return for the applicable year to substantiate his claim. DHCR then denied the landlord's petition for administrative review on the ground that the tenant's income was less than $250,000. One month later, apparently undaunted by the circumstance that the tenant's income verification submissions in the just concluded income deregulation proceeding established that the tenant's income in one of the two consecutive years that would be at issue was well below the statutory threshold (*see,* Administrative Code of City of NY § 26-504.3 [c] [2]), once again sought income deregulation of petitioner's apartment, and toward that end served petitioner with a second Income Certification Form. Petitioner again timely returned the Income Certification Form and again asserted that his income fell below the statutory threshold. However, petitioner's response to the landlord's second petition for deregulation was postmarked three days after the statutory deadline (Administrative Code § 26-504.3 [c] [1]) and based solely upon that default DHCR issued the deregulation order here at issue.

The order annulling DHCR's deregulation order should be affirmed. In light of petitioner's timely responses to two Income Certification Forms, his submission of evidence that his annual income fell below the statutory threshold, his de minimis delay

in responding to the Income Verification Form, the fact that the requested information was received by DHCR long before the agency belatedly issued its deregulation order, nearly one year subsequent to the expiration of the period within which DHCR is to issue such determinations (*see*, Administrative Code § 26-504.3 [c] [2]), and in light of the fact that neither the agency nor the landlord suffered any prejudice by reason of petitioner's three-day delay, Supreme Court properly determined that DHCR's refusal to accept the late filing was arbitrary and capricious. Plainly, this was a case in which the tenant's default could have been and should have been excused (*see*, *Matter of Elkin v Roldan*, 260 AD2d 197, distinguishing *Matter of Sudarsky v New York State Div. of Hous. & Community Renewal*, 258 AD2d 405; *Pledge v New York State Div. of Hous. & Community Renewal*, 257 AD2d 391, *appeal dismissed* 93 NY2d 888; *Matter of Bazbaz v State of N. Y. Div. of Hous. & Community Renewal*, 246 AD2d 388; *Matter of Nick v State of N. Y. Div. of Hous. & Community Renewal*, 244 AD2d 299). Concur—Ellerin, P. J., Tom, Wallach and Friedman, JJ.