*855 OPINION OF THE COURT
Memorandum.
In each case, the order of the Appellate Division should be modified, without costs, and the matters remitted to Supreme Court, with directions to remand to the Division of Housing and Community Renewal (DHCR) for further proceedings in accordance with this memorandum, and, as so modified, affirmed.
Michael and Susan Elkin reside in a rent-stabilized apartment in New York City. In March 1995, pursuant to the luxury-decontrol provisions of the Rent Regulation Reform Act of 1993 (L 1993, ch 253), the Elkins’ landlord sent them an Income Certification Form (IGF), on which they were required to verify that their income fell below the statutory threshold — then $250,000 (see, Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504.3 [b]). The Elkins returned the completed form, verifying that their income fell below the threshold. On June 18, 1995, the landlord filed a petition with DHCR challenging their response, and on August 21, 1995, DHCR sent the Elkins a notice, informing them that they must supply income verification information to the Division within 60 days (see, id., § 26-504.3 [c] [1]).
The Elkins sent two duplicate responses to DHCR, both of which were postmarked October 31, 1995 — 10 days beyond the deadline. Nearly a year later, on September 12, 1996, the Rent Administrator issued an order deregulating the apartment, ruling that the Elkins “did not provide a timely response.” The Elkins filed a petition for administrative review (PAR), attaching an affidavit from their office manager stating that she recalled having mailed the responses for the Elkins on October 17, 1995 — four days before the deadline. DHCR denied the PAR, holding that the postmark “establish [es] the actual date of mailing” and “clearly outweighs the affidavit of the office manager.”
The Elkins then brought the instant CPLR article 78 proceeding, alleging that they had timely filed their response. Alternatively, they argued that a late response should be accepted both because they had fulfilled their obligation by giving the response to the office manager for mailing before the expiration of the deadline, and because the delay was minimal and did not prejudice the landlord or DHCR. Supreme Court granted the petition, holding that no prejudice resulted from the short delay, and that to deny the Elkins a hearing on the merits “shocks this court’s judicial conscience.” The Appellate *856 Division affirmed, holding that it was arbitrary and capricious for DHCR to deny the Elkins a ruling on the merits, since the “minimal” delay, which resulted from “office failure,” did not result in “prejudice to either the landlord or DHCR.” (260 AD2d 197, 201.) We granted leave.
Howard Shapiro also resides in a rent-stabilized apartment in New York City. In early 1995, the landlord sent Shapiro an IGF, which he timely completed and returned, certifying that his income was below the statutory threshold. In June 1995, the landlord filed a petition challenging Shapiro’s certification, and on August 21, 1995, DHCR mailed Shapiro notice of the petition, advising him that he was required to submit income verification information within 60 days. Shapiro sent verification information to DHCR in a letter that was metered on October 16, 1995 — four days before the deadline — but postmarked on October 23, 1995 — three days after the deadline. More than a year later, on November 22, 1996, the Rent Administrator issued an order deregulating the apartment, ruling that Shapiro had failed to file a “timely response.”
Shapiro filed a PAR, alleging that his response had been timely filed; that, even if it was mailed three days late, neither the landlord nor DHCR suffered any prejudice; and that DHCR was already in possession of information — filed in response to the landlord’s 1994 petition — that Shapiro’s income was below the statutory threshold for 1993, one of the relevant tax years. DHCR denied the PAR, holding that the response was untimely because it had been postmarked three days after the deadline, and that, as Shapiro had been warned on the instructions portions of the answering form, the meter date alone was insufficient to render the filing timely. In addition, DHCR noted that the 60-day time limit was “statutory in nature and, as such, has been and will be strictly enforced” (emphasis in original).
Shapiro then filed the instant article 78 petition, contending that the three-day delay was de minimis and that DHCR should be charged with its prior knowledge of his 1993 income. Supreme Court annulled the deregulation order and remanded the case to DHCR, holding that DHCR’s decision was arbitrary and capricious in light of its prior knowledge that Shapiro’s 1993 income was below the statutory threshold. The Appellate Division affirmed, holding that DHCR’s refusal to accept the late filing was arbitrary and capricious in light of the “de minimis delay” and DHCR’s prior knowledge of Shapiro’s 1993 income. We granted leave.
*857 In Matter of Dworman v New York State Div. of Hous. & Community Renewal (94 NY2d 359 [decided today]), we rejected DHCR’s argument that, under Administrative Code § 26-504.3, it lacks authority to accept filings after the 60-day deadline has expired. Contrary to DHCR’s contention, the Division would be within its discretion to conclude that a tenant’s late filing was excusable (see, 9 NYCRR 2507.5 [d]; 9 NYCRR 2527.5 [d]). Here, both cases should be remitted to DHCR for reconsideration under the proper standard. In Elkin, the tenants have proffered evidence that might, or might not, establish timely filing or good cause. Further, DHCR may consider, in its discretion, whether the 3-day delay in Shapiro, or the 10-day delay in Elkin, was so minimal as to be excusable under the maxim of de minimis non curat lex (cf., Van Clief v Van Vechten, 130 NY 571, 579; Flora Co. v Ingilis, 233 AD2d 418, 419).
The parties’ remaining contentions are without merit.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
In each case: Order modified, without costs, and matter remitted to Supreme Court, New York County, with directions to remand to the New York State Division of Housing and Community Renewal for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.