Matter of Rabi v New York City Dept. of Hous. Preserv. & Dev. (2021 NY Slip Op 04285)





Matter of Rabi v New York City Dept. of Hous. Preserv. & Dev.


2021 NY Slip Op 04285


Decided on July 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 08, 2021

Before: Manzanet-Daniels, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 101764/18 Appeal No. 14185 Case No. 2019-03934 

[*1]In the Matter of Hassan Rabi, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.


Hassan Rabi, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Eric Lee of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 12, 2019, denying the petition to annul a determination of respondent (HPD), dated August 6, 2018, which terminated petitioner's section 8 rent subsidy (42 USC § 1437 et seq.), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to exhaust his administrative remedies by not timely requesting an informal hearing to challenge the termination of his Section 8 benefits (see CPLR 7801[1]; Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Gill v Mercy Coll., 138 AD3d 423, 423 [1st Dept 2016], lv dismissed 28 NY3d 1154 [2017]; Matter of Pascale v New York State Div. of Hous. & Community Renewal, 157 AD3d 625 [1st Dept 2018]).
In any event, HPD's termination of the subsidy, based upon petitioner's failure to submit a recertification package for 2018, was not arbitrary and capricious (CPLR 7803[d]). Both the applicable federal regulations and HPD's Administrative Plan authorize the termination of a Section 8 participant's subsidy for failure to provide requested information (24 CFR 982.551[b][2]; 982.552; Administration Plan §§ 7.1.2; 15.4.2; see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Dowling v Holland, 245 AD2d 167, 169 [1st Dept 1997]). HPD's denial of petitioner's request for an informal hearing was also rational, given petitioner's failure to make the request "within 30 calendar days from the date printed on the [termination] notice" (Administrative Plan § 16.3.4).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 8, 2021