VII MP Miami Hotel Owner, LLC v Hycroft, LLC (2022 NY Slip Op 03983)

VII MP Miami Hotel Owner, LLC v Hycroft, LLC

2022 NY Slip Op 03983

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Renwick, J.P., Manzanet-Daniels, Kern, Mazzarelli, Shulman, JJ. 

Index No. 161615/19 Appeal No. 16150-16150A Case No. 2021-02772 2021-04692 

[*1]VII MP Miami Hotel Owner, LLC Doing Business as Four Seasons Hotel Miami, Plaintiff-Respondent,
v
Hycroft, LLC, Doing Business as Hycroft Advisors, Defendant-Appellant. 

Woods Lonergan PLLC, New York (Andreas E. Christou of counsel), for appellant.

Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered October 27, 2021, in plaintiff's favor and against defendant, unanimously affirmed, without costs. Appeal from order, same court, and Justice, entered March 30, 2021, which granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In March 2017, the parties entered into an agreement regarding arrangements for defendant's private equity conference from January 28, 2018 to February 1, 2018 at plaintiff's Four Seasons Hotel in Miami, Florida. The agreement involved reservation of 350 hotel nights, rental of conference facilities and the purchase of food and beverages. The agreement also provided for a cancellation fee as liquidated damages, which increased as the event got closer in time. Plaintiff commenced this action seeking to enforce the liquidated damages clause of the parties' contract for defendant's last-minute cancellation of the event on January 15, 2018.
Defendant failed to establish that the liquidated damages provision in its agreement with plaintiff was an unenforceable penalty. The burden is on the party seeking to avoid liquidated damages to show "either that damages flowing from a prospective [breach] were readily ascertainable at the time [the parties] entered into their [purchase] agreement, or that the [liquidated damages clause] is conspicuously disproportionate to these foreseeable losses" (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005]; see also Bates Adv. USA, Inc. v 498 Seventh, LLC, 7 NY3d 115, 120 [2006]).
Defendants failed to submit any evidence to establish either that actual damages were readily ascertainable at the time the purchase agreement was entered into, or that the liquidated damages were conspicuously disproportionate to foreseeable or probable losses. On the contrary, the parties acknowledged in the agreement that it was difficult to quantify damages and that plaintiff could assess a cancellation fee against defendant "as liquidated damages and not as a penalty" (compare Turner-Schraeter v Brighton Travel Bur., 258 AD2d 393, 393 [1st Dept 1999] ["the nature of this kosher Passover vacation at a resort hotel in Puerto Rico, including two complete Seders, was such as to justify a liquidated damages clause based on a sliding scale culminating in forfeiture of 100% of the purchase price for cancellations made, as here, within 14 days of departure (see Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 44 [1st Dept 2020]). Nor is there any evidence that the agreement was unconscionable due to unequal bargaining power; it was entered into by sophisticated, counseled businesspeople (see id. at 40).
Defendant's contention that even if there was a breach, damages should have been assessed as of June 27, 2017, is unavailing, as the agreement provides that "[t]he parties agree that the Cancellation Fee will be based on the date [*2]written notice of cancellation is received by the Hotel," and defendant never provided written notice of cancellation to plaintiff. Because the liquidated damages clause is enforceable, the mitigation of damages is irrelevant (Turner-Schraeter, 258 AD2d at 394).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022